IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STANLEY BRADFORD CLARKE, | ) | No. CV-F-07-888 OWW/SMS |
| | ) | |
| | ) | MEMORANDUM DECISION DENYING |
| | ) | PLAINTIFF'S MOTION TO REMAND |
| Plaintiff, | ) | (Doc. 8), DENYING |
| | ) | DEFENDANTS' MOTION TO |
| vs. | ) | STRIKE, AND DENYING IN PART |
| | ) | AND GRANTING IN PART |
| | ) | DEFENDANTS' MOTION TO |
| SANDRA UPTON and COUNTY OF | ) | DISMISS WITH LEAVE TO AMEND |
| MADERA, | ) | (Doc. 4) |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

On June 21, 2007, Defendants removed Plaintiff's Third Amended Complaint (TAC) from the Madera County Superior Court on the basis of federal question on the ground that the Third Amended Complaint alleges at least one cause of action arises under 42 U.S.C. §§ 1981 and 1983. The Notice of Removal states in pertinent part that "Defendants Sandra Upton, the County of Madera, and Does 1 through 50, inclusive, hereby remove to this Court the state court action described below."

Plaintiff is proceeding *in pro per*. The TAC is 101 pages

1

long and sets forth 268 paragraphs of allegations.  Defendants are Sandra Upton, the County of Merced, the Department of Social Services, Amparo Williams and Does 3-50.

*Very* generally, the TAC alleges that Defendants negligently and/or intentionally falsified or misrepresented evidence in juvenile dependency proceedings involving the placement of Plaintiff's son with the mother, that Defendants were negligent or abused their discretion in conducting the investigation and the juvenile dependency proceedings, and that Defendants' actions were motivated by racial bias or discrimination based on Plaintiff's American Indian ancestry and/or by gender bias based on preference for placement of a child with the mother rather than the father.

Defendants have filed a motion to dismiss the TAC for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, and a motion to strike specified paragraphs of the TAC pursuant to Rule 12(f), Federal Rules of Civil Procedure.

Plaintiff has filed a written opposition to Defendants' motion coupled with a motion to remand this action to the Madera County Superior Court.[1]

---

[1]On August 8, 2007, Plaintiff filed a declaration and memorandum in support of the motion to remand (Docs. 10 & 11).  On August 10, 2007, Plaintiff filed a declaration and memorandum in opposition to the motion to dismiss (Docs. 13 & 14).  All of these pleadings are untimely pursuant to Rule 78-230, Local Rules of Practice and are not considered in resolving these pending motions.
Plaintiff is advised that it is his obligation to familiarize himself and comply with the Federal Rules of Civil Procedure and

A.   <u>Motion to Remand</u>.

Plaintiff asserts that Defendants' removal was "based on strategy, not necessity, and thereby further delays the settlement of this case, adding to the overall costs of suit." Plaintiff contends that there are several defects in Defendant's removal.[2]

First, Plaintiff contends, Defendants failed to file and serve an answer to Plaintiff's "complaint".

Plaintiff's contention is without merit.  Rule 81(c), Federal Rules of Civil Procedure, provides:

> In a removed action in which the defendant
> has not answered, the defendant shall answer
> or present the other defenses or objections
> available under these rules within 20 days
> after the receipt or otherwise of a copy of
> the initial pleading setting forth the claim
> for relief upon which the action or
> proceeding is based, or within 20 days after
> the service of summons upon such initial
> pleading, then filed, or within 5 days after
> the filing of the petition for removal,
> whichever period is longest.

The fact that Defendants had not filed an Answer to the TAC does not *ipso facto* preclude removal.

Plaintiff further asserts that the removal was untimely pursuant to 28 U.S.C. § 1441(b) because the Second Amended

the Local Rules of Practice.  Failure to do so may result in the imposition of sanctions, including the sanction of dismissal.

[2]At the hearing, Plaintiff argued that removal was improper because Defendants did not include all copies of pleadings filed in the state court action with the notice of removal.  Plaintiff was referring to copies of exhibits he provided to the Madera County Superior Court on June 22.  Because the notice of removal was filed with this Court on June 21, Plaintiff's contention is without merit.

Complaint (SAC), filed and served on February 1, 2007, "did thereby first and at that time pleaded [sic] causes of action for Discrimination and a cause of action for Failure to Disclose Exculpatory Evidence, a Brady violation, raising Federal questions and permitting removal by Defendants at that time."

The SAC named only Sandra Upton and the County of Madera as defendants.  The SAC alleges that "[t]his action is brought on behalf of Plaintiff to remedy violations of California's state statutes and to seek relief for damages suffered and arising as a direct result of the conduct, fraud, discrimination, negligent misrepresentation and omissions of material facts and written documentation by the defendant Sandra Upton, acting individually and under the color of authority as an un-licensed social worker for the County of Madera, repudiating the laws and ethical guidelines of her profession and duties to impartially protect and serve the public and the welfare of children" (SAC ¶ 1)   The SAC further alleges:

> 4.   Based upon the obligations of law and ethics imposed upon the Defendant and their experience in the department, Defendant's [sic] either knew, recklessly disregarded, reasonably should have known or were obligated under the law to understand that the conduct and behavior that they continued to engage in was activity in violation of the law, in violation of ethical standards and protocol, in violation of Plaintiff's civil rights to be free from sex and race based discrimination, in violation of the Department's policies of fairness, neutrality, and impartiality, and furthermore, not in the best interest of the minor child's welfare.  Defendant's malfeasant conduct and activity was executed

1
2
3
4
5
6

> outside of any judicial proceedings and the
> compounded effect of discrimination and bias
> consumed Upton's ability to maintain
> objectivity and neutrality inhibiting her
> impartial judgment and thus creating an
> insurmountable prejudice against the
> Plaintiff.  Such conduct is of a conduct is
> of a continuing nature that requires prompt
> relief, since the Defendant's [sic] have not
> revealed the true facts and have not taken
> appropriate corrective relief.

7  The SAC contains no reference to *Brady v. Maryland* or any

8  allegations that Defendants had a duty to provide information to

9  Plaintiff pursuant to *Brady v. Maryland*.  A *Brady* violation

10  occurs when the government suppresses material evidence,

11  including impeachment evidence, favorable to the accused.  *Brady*

12  *v. Maryland*, 373 U.S. 83, 87 (1963); *Giglio v. United States*, 405

13  U.S. 150, 154-155 (1972).

14       Defendants argue that removal of the action based on these

15  allegations of the SAC does not make the removal untimely.  There

16  is no reference in the SAC to any federal statutes upon which the

17  claims for relief are based and no reference to the United States

18  Constitution.  As Defendants note, anti-discrimination statutes

19  and constitutional provisions exist under California law as well

20  as federal law.  Under the "well pleaded" complaint rule, absent

21  diversity of citizenship, a case is removable only where a

22  federal question is presented on the face of the plaintiff's

23  complaint.  Schwarzer, Tashima & Wagstaffe, Federal Civil

24  Procedure Before Trial, ¶ 2:709.  If the state court complaint

25  does not set forth the statutory basis for a particular claim

26  without specifying whether the right derives from state or

1    federal law, defendants are obliged to ascertain through

2    discovery or otherwise, whether plaintiff intends to proceed

3    under the alternative federal statute and, if so, may then

4    remove.  *Id*. at ¶ 2:711.[3]

5        Plaintiff argues that the action was "improperly removed for

6    the purpose of delaying this case in Superior Court based on the

7    fact that Defendant's [sic] filed notice of removal on or about

8    the last day that their answer was due in Superior Court, and to

9    frustrate Plaintiff's choice of forum."

10        Prejudice to the Plaintiff is not a ground for remand of an

11    otherwise properly removed action.  Plaintiff cites no authority

12    that an action may be remanded merely because it was removed on

13    the last day available for removal.

14        Plaintiff contends that this action was improperly removed

15    "without the joinder and consent of all individually named

16    Defendants who have been properly served with summons on June 27,

17    2007, before the receipt of service by mail of Defendant's Notice

18    of Removal, which was post-marked June 25, 2007, and not received

19    until June 27, 2005."

20        The Notice of Removal was filed on June 21, 2007 and

21

22    [3]At the hearing, Plaintiff argued that the initial Complaint filed in state court alleged violations of federal civil rights.

23    The Complaint alleges intentional torts based on "perjury in court documents," "failure to disclose exculpatory evidence," and

24    "malicious prosecution."  The section of the form where the Plaintiff is required to check a box describing the basis of the

25    complaint contains a box for "civil rights".  Plaintiff did not check that box.  For the reasons stated above, the allegations in

26    the Complaint did not present a federal question on the face of the Complaint.

specifically asserts:

> 8.  All named individual defendants are
> employees of the County of Madera who are
> sued in their capacities as employees of the
> County of Madera, and no joinder of
> defendants is necessary.

In all cases with multiple defendants, all defendants who have been served must consent to the removal of a case to federal court.  *Seraphin v. Parapella*, 489 F.Supp.2d 1354 (S.D.Fla.2007). The well-settled exception to this rule is that a nominal defendant need not join in or consent to removal.  *Id.* A defendant is a nominal party where his role is limited to that of a stakeholder or depositary.  *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232-1233 (9th Cir.1986).

Plaintiff's motion to remand states that he did not serve summons and the TAC on the following Doe Defendants until June 27, 2007: Department of Social Services; Amparo Williams; Susan Arteaga; Allyson Cookson; Maria Cruz; Rae Hovertz; Beth Inman; Bill Martin; Beverly Reyes; Veronica Reyes; Paige Sambueso; Heather Sharp; and Hubert Walsh.  Because none of these defendants had been served when the Notice of Removal was filed, their consent to joinder was not required.  The Notice of Removal purports to remove the state court action on the part of the Doe Defendants.

An issue arises whether the failure of Sandra Upton to consent to the removal renders the removal defective.  It is arguable that the TAC names her as a defendant in both her official and individual capacities.  If Sandra Upton is also sued

7

in her individual capacity, then she is not simply a stand-in for the County of Madera, but a defendant in her own right, facing potential liability for money damages.  *See Baldi v. Brown*, 2007 WL 1229389 (D.N.H.2007).  However, the prior pleadings filed in the Madera County Superior Court demonstrate that Sandra Upton is represented by the same attorneys who represent the County of Madera, i.e., Madera County Counsel.  In *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1262 n.11 (5th Cir.1988), the Fifth Circuit noted:

> But while it may be true that consent to
> removal is all that is required under section
> 1446, a defendant must do so itself.  This
> does not mean that each defendant must sign
> the original petition for removal, but there
> must be some timely written indication from
> each served defendant, or from some person or
> entity purporting to formally act on its
> behalf in the respect and to have authority
> to do so, that it has actually consented to
> such action.  Otherwise, there would be
> nothing on the record to 'bind' the allegedly
> consenting defendant.

In *Nixon v. Wheatley*, 368 F.Supp.2d 635, 639 (E.D.Tex.2005), the District Court held:

> In the case at bar, Wheatley and George are
> represented by the same counsel.  In the
> notice of removal, Defendants state that
> 'both defendants file and join in this Notice
> of Removal.'  Plaintiffs assert that
> Defendants' notice was defective because
> neither Wheatley nor George signed the notice
> of removal 'or a separate form agreeing to
> the notice of removal.'  Defendants, however,
> need not have personally signed the notice of
> removal.  *See Getty Oil Corp.*, 841 F.2d at
> 1262 n. 11.  It is sufficient that consent to
> removal come 'from some person purporting to
> act formally on [the defendant's] behalf and
> with the authority to do so.'  *Id.* ... Here,

8

> 1    **Defendants' counsel had the authority to**
>    **remove on their behalf and did so ... As a**
> 2    **consequence, the proper parties joined in the**
>    **notice of removal, and remand for lack of**
> 3    **consent is unfounded.**

4 **Because Defendant Sandra Upton is represented by Madera County**

5 **Counsel, her failure to formally join the Notice of Removal does**

6 **not negate the validity of the removal even if the TAC sues her**

7 **in her individual capacity.**

8     **Plaintiff asserts that remand is required because "[u]pon**

9 **joinder of the named Doe Defendants, this action is not removable**

10 **to Federal Court due to the fact that all parties joined and**

11 **served as Defendants are citizens of this state" and because the**

12 **Notice of Removal fails to plead that the amount in question is**

13 **within the jurisdictional limits.**

14     **Plaintiff's contentions are without merit.  The action was**

15 **not removed on the basis of diversity of citizenship, but on the**

16 **basis of a federal question.  Jurisdiction on the basis of a**

17 **federal question does not require diversity of citizenship or a**

18 **base amount in controversy.**

19     **Plaintiff asserts that the Court should decline to exercise**

20 **supplemental jurisdiction pursuant to 28 U.S.C. § 1367 "as the**

21 **majority of Plaintiff's other claims substantially predominate**

22 **over the Discrimination and Brady Rule violation claims, which**

23 **were brought in Superior Court."**

24     **Plaintiff's position is without merit.  28 U.S.C. § 1441(c)**

25 **provides:**

26       **Whenever a separate and independent claim or**

cause of action within the jurisdiction
conferred by section 1331 of this title
[federal question] is joined with one or more
otherwise non-removable claims or causes of
action, the entire case may be removed and
the district court may determine all issues
therein, or, in its discretion, may remand
all matters in which State law predominates.

28 U.S.C. § 1367(a) provides in pertinent part:

Except as provided in subsection[] ... (c) or
as expressly provided otherwise by Federal
statute, in any civil action of which the
district courts have original jurisdiction,
the district courts shall have supplemental
jurisdiction over all other claims that are
so related to claims in the action within
such original jurisdiction that they form
part of the same case or controversy under
Article III of the United States Constitution
....

Section 1367(c) provides that the district court may decline to

exercise supplemental jurisdiction over a claim if:

(1) the claim raises a novel or complex issue
of State law,

(2) the claim substantially predominates over
the claim or claims over which the district
court has original jurisdiction;

(3) the district court has dismissed all
claims over which it has original
jurisdiction, or

(4) in exceptional circumstances, there are
other compelling reasons for declining
jurisdiction.

As explained in *Albingia Versicherungs A.G. v. Schenker Intern.*

*Inc.*, 344 F.3d 931, *amended on other grounds*, 350 F.3d 916 (9th

Cir.2003), *cert. denied,* 541 U.S. 1041 (2004):

[S]ection 1447(c) means that it if it is
discovered at any time in the litigation that
there is no federal jurisdiction, a removed

10

case must be remanded to the state court
rather than dismissed.  Section 1447(c) does
not mean that if a facially valid claim
giving rise to federal jurisdiction is
dismissed, then supplemental jurisdiction is
vitiated and the case must be remanded.  Once
supplemental jurisdiction exists, it remains,
subject to the discretionary provision for
remand in section 1441.

Plaintiff's motion to remand is DENIED.

B.   Defendants' Motion to Strike.

Defendants move to strike all allegations in the TAC which

refer to exhibits attached to the TAC.  Defendants assert that,

because these exhibits are not actually attached to the TAC,

these allegations are not material and, therefore, subject to

being stricken under Rule 12(f), Federal Rules of Civil

Procedure.

Plaintiff responds that this aspect of the motion to strike

is not moot because Defendants were served the "exhibits of

evidence" specified in the TAC.

Defendants reply that this aspect of the motion to strike is

not moot:

As of June 21, 2007, the date of removal,
Defendants had not been served with any
exhibits by Plaintiff, the most recent
document to be filed with the notice of
removal was the Third Amended Complaint.  If
Plaintiff had any exhibits, he waited to file
and serve them until *after* the notice of
removal was filed, and therefore Defendants
had no obligation to file them with the
District Court.  As Plaintiff has not filed
the exhibits with the District Court, they
cannot be considered in ruling on the Motion
to Dismiss and Motion to Strike.

Resolution of this issue requires Plaintiff to file a Fourth

1    Amended Complaint with the accompanying exhibits.   The motion to

2    strike is DENIED AS MOOT.

3              Defendants also move to strike as scandalous the

4    allegations in Paragraph 59 of the TAC.   Paragraph 59 alleges:

5              59.   Factual allegation.   Plaintiff's minor
               child was taken away and placed in Foster
6              Care for 5 months and not returned to
               Plaintiff father, the non-offending parent,
7              during the associated phases of the
               Jurisdictional, Detention, Evidentiary, and
8              final Dispositional Hearings from January to
               June of 2005.   Plaintiff's minor child
9              suffered in Foster care from separation
               anxiety and other emotional distresses of
10             which he still mentions today.   Plaintiff's
               minor child was then placed in full custody
11             of and with his non-Indian mother, who was
               the offending child abuse suspect on
12             September 16, 2005.   For over 15 months of
               having Plaintiff's minor child being taken
13             away as a ward of the court, and Plaintiff
               being denied custody and at times denied
14             visitation, the MADERA COUNTY DEPARTMENT OF
               SOCIAL SERVICES did not ask, inquire,
15             investigate, or explain the Indian Child
               Welfare Act to Plaintiff father, who is part
16             Cherokee Indian and eligible through ancestry
               possessing CDIB card [Certified Degree of
17             Indian Blood] and roll status, for enrollment
               in several Federally recognized Cherokee
18             Indian tribes, although not currently
               actively participating.   Plaintiff's minor
19             child is also eligible for this enrollment.

20             When this fact was brought to the court's
               attention on or about March of 206, the
21             Juvenile Court Judge and the County Counsel
               Bill Smith made the most callus [sic] and
22             racially insensitive statements that it did
               not matter that they hadn't informed
23             Plaintiff of his Indian rights because they
               never actually or really took the child away
24             from Plaintiff, the Indian father.   The Judge
               and Bill Smith claimed that their mistake had
25             only affected notification, and could not
               undue anything that they had already
26             accomplished in the case, referring to

                              12

against the Indian father Plaintiff.  These
state officials and actors had no empathy or
decency and did not stop to realize how this
Indian father might feel having his son
completely removed from his life for over a
year and placed with the person who had
abused the Indian father's son.  This was
accomplished based on fraud, deceit, and
false allegations by state actors who had
already subjected Plaintiff, the Indian
father, to prejudice and discrimination.
This Plaintiff Indian father can truly state
that it is no less painful or degrading to be
discriminated against for being Indian than
it is when being discriminated against for
being a father of the male gender.

This Plaintiff can attest to the fact that
many persons with Indian ancestry are not
actively involved with Government controlled
cultural heritage programs because in the
past, admitting Indian ancestry resulted in
being stripped of your rights and belongings,
being placed in government controlled areas,
and at times being killed, all by government
and state actors.  It is a stigmatic stereo-
type [sic] that continues to discriminate as
much today.  Defendants including County
Counsel and the Juvenile court Judge are
racially insensitive to this Plaintiff an
Plaintiff's minor child.

Defendants argue that this allegation should be stricken as

scandalous because of the allegations that Madera County counsel

are racists who seek to destroy Native Americans and their

culture.  *See Pigford v. Veneman*, 215 F.R.D. 2, 4-5

(D.D.C.2003)(striking contention that counsel are racist because

they were "unsupported by evidence, constitute a form of

harassment, and are scandalous").

Plaintiff responds that "Defendant's [sic] have not carried

their burden of proof to strike out statements in Plaintiff's

Complaint [sic] that are relevant to establish a pattern of

behavior by Defendants."

The motion to strike on this ground is DENIED WITHOUT PREJUDICE.

C. **Defendants' Motion to Dismiss**.

Defendants move to dismiss the TAC for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.[4]

1. **Governing Standards**.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Novarro v. Black*, 250 F.3d 729, 732 (9th Cir.2001). Dismissal of a claim under Rule 12(b)(6) is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or where the complaint presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.1984). In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir.2002). The court must construe a *pro se* plaintiff's pleadings liberally in

---

[4]Defendants' memorandum of points and authorities is missing page 4.

determining whether a claim has been stated.  *Ortez v. Washington County, State of Or.*, 88 F.3d 804, 807 (9th Cir. 1996); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations.  *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir.2003).   Immunities and other affirmative defenses may be upheld on a motion to dismiss only when they are established on the face of the complaint.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir.1999); *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)  When ruling on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice.  *Parrino v. FHP, Inc*, 146 F.3d 699, 705-706 (9th Cir.1988).

       2.   <u>GROUNDS FOR DISMISSAL</u>.

Defendants assert ten separate grounds for dismissal of the TAC:

       1.   The TAC does not comply with Rule 8(a)(2);

       2.   Defendants have no duty under the Constitution to protect Plaintiff's son from Plaintiff's ex-wife, whom Plaintiff alleges inflicted injury on Plaintiff's son;

       3.   Defendants have absolute immunity from liability under Section 1983 for any injuries allegedly caused by perjured testimony or statements;

15

4.  Defendants have absolute immunity from liability under Section 1983, as the role, powers and discretion of a social worker or deputy county counsel in instituting juvenile-dependency proceedings under California law are analogous to the role, powers and discretion of a prosecutor in determining whether to charge a person with crime;

5.  Defendants are immune under California Government Code section 815.2(b) and 821.6 from liability for injuries resulting from the institution or maintenance of judicial proceedings against Plaintiff, including juvenile dependency proceedings.

6.  Defendants are immune under California Government Code section 815.2(b) and 820.2 for injuries resulting from Defendants' exercise of discretion in their capacities as employees of the County of Madera charged with investigating child abuse and protecting children from abuse or neglect.

7.  Defendants are immune under California Government Code sections 818.2 and 821 for injuries resulting from Defendants' alleged failure to enforce the law;

8.  Defendants are immune under California Government Code sections 818.2 and 820.4 for injuries resulting from Defendants' enforcement of the law.

9.  Defendants are immune under California Government Code sections 815.2 and 820.8 for injuries proximately caused by the act or omission of another person, to wit, Plaintiff's ex-wife.

10.  Defendants are immune under California Civil Code section 47(b) for statements made as part of a judicial or official proceeding.

Plaintiff's entire opposition to this motion is:

7.  Plaintiff has stated claims upon which relief can be granted.

8.  Plaintiff's Third Amended Complaint was

16

drafted for State Court, not envisioning compliance with Rule 8(a)(2) of the Federal Rules of Civil Procedure.

9.  Defendants do not enjoy absolute immunity from liability.

3.  <u>FAILURE TO COMPLY WITH RULE 8(a)(2)</u>.

Rule 81(c), Federal Rules of Civil Procedure, provides in pertinent part:

These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal.  Repleading is not necessary unless the court so orders.

Rule 8(a)(2), Federal Rules of Civil Procedure, requires that a pleading set forth a short and plain statement of the claim showing that the pleader is entitled to relief.  Under Rule 8(a)(2), a pleading must give fair notice and state the elements of the claim plainly and succinctly.  *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  A complaint that is verbose, conclusory and confusing does not comply with Rule 8(a)(2).  *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981).  However, before a district court's dismissal of a complaint without leave to amend will be affirmed, the district court must have first adopted less drastic alternatives, such as advising plaintiff of the deficiencies in the pleading and giving leave to amend to correct them.  *Id.*

The TAC does not comply with Rule 8(a)(2).  The TAC is 101 pages long (and that does not include the exhibits which Plaintiff failed to attach) and contains 268 paragraphs of

17

allegations.   The TAC is confusing, unnecessarily verbose and repetitive, and contains citations to California civil and criminal statutes.   It violates Rule 8(a)(2)'s mandate that any claim be set forth in a short and plain statement.   Pursuant to Rule 8(a)(2), evidentiary documents should not be attached to the pleading unless those documents are necessary to the statement of a claim.

The motion to dismiss on this ground is GRANTED WITH LEAVE TO AMEND.

    4.   <u>CONSTITUTIONAL DUTY TO PROTECT PLAINTIFF OR PLAINTIFF'S SON</u>.

The TAC alleges that when Plaintiff's son became the victim of sexual abuse by the child's mother, the County and its employees brought a proceeding against Plaintiff to remove the child from Plaintiff's custody and place the child with the mother, which resulted in additional sexual abuse, and that Plaintiff's civil rights were violated by Defendants' failure to protect the child and Plaintiff.

Defendants, citing *DeShaney v. Winnebago County Dep't of Social Services*, 489 U.S. 189 (1989), argue that these allegations and claims based on them should be dismissed because there was no duty on Defendants under the Constitution to protect the Plaintiff or his child from the mother.

In *DeShaney*, the Supreme Court held that "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause."   489 U.S. at

18

197.   **The Supreme Court reasoned:**

> [N]othing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors. The Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security.  It forbids the State itself to deprive individuals of life, liberty, or property without 'due process of law,' but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means.

*Id*. at 195.  As explained in *Johnson v. City of Seattle*, 474 F.3d 634 (9th Cir.2007):

> The general rule announced in *DeShaney* that members of the public have no constitutional right to sue state actors who fail to protect them from harm inflicted by third parties 'is modified by two exceptions: (1) the "special relationship" exception; and (2) the "danger created exception."

The special relationship exception arises when the government enters into a special relationship with a party, such as taking the party into custody or placing him into involuntary hospitalization.  The danger created exception arises when affirmative conduct on the part of the state places a party in danger he otherwise would not have been in.  *L.W. v. Grubbs*, 974 F.2d 119, 121 (9th Cir.1992), *cert. denied*, 508 U.S. 951 (1993).

Because of the exceptions to *DeShaney* may raise an issue of fact before the legal issue of duty may be resolved and because Plaintiff will be required to file a Fourth Amended Complaint, this ground for dismissal is DENIED WITHOUT PREJUDICE.

5. **ABSOLUTE IMMUNITY**.

Defendants move to dismiss the constitutional claims in the TAC on the ground that they have absolute immunity from liability under Section 1983 for any injuries allegedly caused by perjured testimony or statements made in the state court proceedings concerning custody of the minor child.

In *Meyers v. Contra Costa County Dept. of Soc. Serv.*, 812 F.2d 1154, 1157 (9th Cir.), *cert. denied*, 484 U.S. 829 (1987), the Ninth Circuit held:

> [S]ocial workers are entitled to absolute immunity in performing quasi-prosecutorial functions connected with the initiation and pursuit of child dependency proceedings.

*See also Doe v. Lebbos*, 348 F.3d 820, 826 (9th Cir.2003), *cert. denied,* 542 U.S. 904 (2004):

> The Does contend that Herrera both failed to investigate possible exculpatory evidence and fabricated evidence in the dependency petitions she submitted to the dependency court. Herrera, however, engaged in these actions as part of her initiation and pursuit of child dependency proceedings - she filed a dependency petition in state court on November 4, 1999, and dependency proceedings were held on November 5, 1999. Herrera's actions therefore had the 'requisite connection to the judicial process' to be protected by absolute immunity. *Miller,* 335 F.3d at 896.
>
> Indeed, in *Meyers v. Contra Costa County Department of Social Services,* 812 F.2d 1154, 1157 (9th Cir.1987), we recognized that 'social workers are entitled to absolute immunity in performing quasi-prosecutorial functions connected with the initiation and pursuit of child dependency proceedings.' *See also Imbler*, 424 U.S. at 416, 431 & n.34 ... (holding that prosecutors are entitled to

20

**absolute immunity 'in initiating a prosecution and in presenting the State's case,' even where the prosecutor willfully used perjured testimony and willfully suppressed exculpatory information at trial);** *Miller*, **335 F.3d at 898;** *Mabe*, **237 F.3d at 1109 (holding, where there are allegations that social workers did not conduct their investigation properly and submitted false evidence during juvenile court proceedings, that the social workers were entitled to absolute immunity because their actions were part of the initiation and pursuit of dependency proceedings).**

*See also Mabe v. San Bernardino County, Dept. of Soc. Serv.*, **237 F.3d 1101, 1109 (9th Cir.2001):**

**Moreover, social workers 'enjoy absolute, quasi-judicial immunity when making post-adjudication custody decisions pursuant to a valid court order.'** *Babcock b. Tyler*, **884 F.2d 497, 503 (9th Cir.1989)(holding social workers entitled to absolute immunity from a claim that they erred in placing minor dependents in foster home where the minors were later sexually abused).**

**Defendants assert that the allegations in the TAC are that Defendants improperly investigated Plaintiff on suspicion of child abuse, brought false charges of kidnapping and child abuse against him, and provided false evidence in state court dependency proceedings while failing to investigate claims that the mother of the child was alleging sexually abusing the child. These allegations, Defendants argue, fall squarely within the case authority cited above and entitle the County employees to absolute immunity.**

**Plaintiff has alleged no facts other than that the County social workers were proceeding in a quasi-prosecutorial function.**

21

The motion to dismiss on this ground is GRANTED WITH LEAVE TO AMEND.

### 6.   IMMUNITY FROM LIABILITY UNDER STATE LAW.

Direct tort liability of public entities under state law must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care.  *Munoz v. City of Union City,* 120 Cal.App.4th 1077, 1112-1113 (2004).

Defendants, citing *Lopez v. Southern Cal. Rapid Transit Dist.,* 40 Cal.App.3d 780, 795 (1985), move to dismiss the TAC on the ground that Plaintiff "has to follow the general rule that statutory causes of action must be pleaded with particularity and show every fact essential to the existence of statutory liability."  Citing *Keyes v. Santa Clara Water Dist.*, 128 Cal.App.3d 882, 885 (1982), Defendants move to dismiss the TAC because "Plaintiff must plead facts sufficient to show that the causes of action lie outside the breadth of any statutory immunity to avoid a motion to dismiss for failure to state a claim.

Pleading in federal court is governed by federal pleading rules.  Rule 8(a)(2) only requires notice pleading.   Therefore, this ground for dismissal of the TAC is DENIED.

### 7.   IMMUNITY UNDER LITIGATION PRIVILEGE OF CALIFORNIA CIVIL CODE § 47(b).

Defendants assert that all of Plaintiff's causes of action allege, either separately or by incorporation of other causes of action, that the County's social workers and deputy county

22

counsel made misleading or defamatory statements about Plaintiff in court proceedings or in communications with law enforcement agencies and the attorneys for the minor child and for the mother.

Defendants contend that they are entitled to dismissal of these claims pursuant to California Civil Code § 47(b).

Section 47(b) bars a civil action for damages based on statements made in any judicial proceeding, in any official proceeding authorized by law, or in the initiation or course of any mandate-reviewable proceedings authorized by law.  The litigation privilege provided in Section 47(b)  applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action.  *A.F. Brown Elec. Contractor, Inc. v. Rhino Elec.*, 137 Cal.App.4th 1118, 1126 (2006).  Section 47(b) establishes an absolute privilege for such statements and bars all tort causes of action based on them except a cause of action for malicious prosecution.  *Hagberg v. California Federal Bank*, 32 Cal.4th 350, 360 (2004).  "'Section 47 gives all persons the right to report crimes to the police, the local prosecutor or an appropriate regulatory agency, even if the report is made in bad faith.'" *Hagberg, id.* at 365.  "'[A] communication concerning possible wrongdoing, made to an official governmental agency such as a local police department, and which communication is designed to prompt action by that entity is as

much a part of an "official proceeding" as a communication made after an official investigation has commenced ... After all, '[t]he policy underlying the privilege is to assure utmost freedom of communication between citizens and public authorities whose responsibility it is to investigate and remedy wrongdoing.' ... The importance of providing to citizens free and open access to governmental agencies for the reporting of suspected criminal activity outweighs the occasional harm that might befall a defamed individual.  Thus the absolute privilege is essential."'" *Id.* at 364-365.  Section 47(b)'s absolute privilege applies to "communications intended to instigate official investigation into [suspected] wrongdoing."  *Id.* at 369.  Statements made to prompt an official investigation that may result in the initiation of judicial proceedings also fall within the privilege set forth in Section 47(b).  *Id.* at 361-36.

Defendants assert that all of the allegedly damaging statements were made by social workers or deputy county counsel in the course and context of initiating or maintaining the underlying juvenile dependency case involving Plaintiff's son, including the preparation of reports and presentation of witness testimony.  Defendants contend that the statements were made to achieve the underlying objectives of the litigation, i.e., the investigation of alleged harm to Plaintiff's son and the taking of the child into protective care at a foster home while the County's social workers investigated the clashing claims of Plaintiff and the mother that accused each other of harming the

child.   Therefore, Defendants argue, they are entitled to dismissal of these claims based on Section 47(b).

Defendants are correct that all statements made as any part of the litigation process are absolutely privileged.  The motion to dismiss on this ground is GRANTED WITH LEAVE TO AMEND.

8.   **STATE IMMUNITY FROM CLAIMS BASED ON FAILING TO ENFORCE THE LAW.**

Plaintiff alleges in the TAC that the County's social workers were negligent by failing to investigate or report child abuse allegedly committed by the child's mother.

California Government Code § 818.2 provides that "[a] public entity is not liable for an injury caused by adopting or failing to adopt an enactment or by failing to enforce any law." California Government Code § 821 provides that "[a] public employee is not liable for an injury caused by his adoption or for failure to adopt an enactment or by his failure to enforce an enactment.  In defining law enforcement for purposes of these sections, California courts hold that "'to enforce a law normally means to compel obedience to the law by actual force, such as involuntary detention, arrest or punishment ....'" *Ronald S. v. County of San Diego*, 16 Cal.App.4th 887, 896 (1993), quoting *Clemente v. State of California*, 101 Cal.App.3d 374, 378 (1980). *Ronald S.* held:

> Insofar as Ronald's claim of negligence related to his release to his parents after the several police detentions, we believe section 818.2 immunity would be applicable. Such release involved use of the County's

25

> coercive power over Ronald and the Mundys,
> and hence the decision to return Ronald would
> come, we believe, within the definition of
> 'law enforcement.'

*Id.*

Defendants argue that Plaintiff's claims of injury resulting from his son being removed for his home, placement in foster care, and then placement in the mother's home is subject to these immunities because of the use of the County's coercive power over Plaintiff and his son to remove the child and place him with persons other than Plaintiff, even if those persons are alleged or proven to be abusive.

The motion to dismiss on this ground is GRANTED WITH LEAVE TO AMEND.

9. <u>STATE IMMUNITY FROM LIABILITY REGARDING ENFORCEMENT OF CHILD ABUSE LAWS</u>.

Defendants argue that the County and its employees are immune from liability under California Government Code §§ 820.4 and 815.2(b) for injury allegedly caused by the employees' acts or omissions in the execution or enforcement of laws regarding child abuse.

California Government Code § 820.4 provides:

> A public employee is not liable for his act
> or omission, exercising due care, in the
> execution or enforcement of any law.  Nothing
> in this section exonerates a public employee
> from liability for false arrest or false
> imprisonment.

California Government Code § 815.2(b) provides:

> Except as otherwise provided by statute, a

26

> public entity is not liable for an injury
> resulting from an act or omission of an
> employee of the public entity where the
> employee is immune from liability.

Defendants contend that Plaintiff's allegations against the County employees, and particularly against Defendant Sandra Upton, claim that Upton was abusing her discretion as a social worker for the County when investigating the juvenile dependency case involving Plaintiff's son by allegedly falsifying reports, among other things, and that Upton acted in the course and scope of her employment when doing so.  Citing *Miller v. Hoagland*, 247 Cal.App.2d 57 (1966), Defendants assert that when a public employee acting within the course and scope of his or her employment makes reports or statements as part of the execution or enforcement of law is protected by these immunities.

Defendants assert that Defendant Upton was acting within the course and scope of carrying out her duties under the California Welfare and Institutions Code as a County social worker charged with conducting investigations of suspected child abuse and preparing a plan for family reunification and maintenance.

In *Miller*, the City Attorney wrote a letter to the judge in a pending public nuisance abatement suit which was alleged by Miller to have misrepresented facts with fraudulent intent.  When Miller filed suit against the attorney, the Court of Appeals held in pertinent part:

> Even though Miller, as a pleader, used such
> words as malice and maliciously, the
> protection of immunity is not destroyed
> thought the mere use of terms such as those

27

1         contained in the amended complaint.  The 1963
California Tort Claims Act extends immunity
2         to public employees even if discretion is
abused by them, and even if their act is
3         malicious and without probable cause, or is
an intentional tort.  (See Gov.Code §§ 820.2,
4         821., 822.2, 820.4, 820.6 and 820.8; *Tietz v.*
*Los Angeles Unified School Dist., supra*, 238
5         Cal.App.2d 905, 911-912.)

6     The motion to dismiss on this ground is GRANTED WITH LEAVE

7 TO AMEND.

8        10.  <u>STATE IMMUNITY FROM LIABILITY FOR INJURY CAUSED BY</u>

9 <u>ALLEGED MALICIOUS PROSECUTION AND ABUSE OF PROCESS</u>.

10     Defendants move to dismiss Plaintiff's allegations that

11 County employees committed abuse of process by instituting or

12 maintaining the juvenile dependency proceedings on the ground of

13 state immunity.

14     California Government Code § 821.6 provides that "[a] public

15 employee is not liable for injury caused by his instituting or

16 prosecuting any judicial or administrative proceeding within the

17 scope of his employment, even if he acts maliciously and without

18 probable cause."  This immunity applies the employee's agency

19 and to the County.  Cal.Gov.Code § 815.2(b).

20     Defendants cite *Jenkins v. County of Orange*, 212 Cal.App.3d

21 278, 284 (1989):

22         [B]arrington has immunity for her
investigation of the child abuse reports
23         pursuant to her statutory duty; she did so
'within the scope of [her] employment ....'
24         (§ 821.6.)  Barrington is also immune from
suit for allegedly failing and refusing to
25         consider all of the evidence and thereby
misrepresenting information to the juvenile
26         court.  Weighing and presenting evidence are

1
2
3

                      **prosecutorial functions.  As such, these acts
are within the ambit of 'instituting or
prosecuting any judicial or administrative
proceeding with the scope of [Barrington's]
employment ....' (§ 821.6).**

4   *See also Alicia T. v. County of Los Angeles*, 222 Cal.App.3d 869,

5   883 (1990); *Citizens Capital Corp. v. Spohn*, 133 Cal.App.3d 887,

6   889 (1982)("[I]mmunity [under § 821.6], even from wrongfully

7   motivated action, is granted as a matter of public policy, to

8   avoid the risk of public officers avoiding their public duty for

9   fear of the burden of trial and risk of its outcome.").

10        The motion to dismiss on this ground is GRANTED WITH LEAVE

11  TO AMEND.

12        11.  <u>STATE IMMUNITY FROM LIABILITY FOR ACTS OR</u>

13  <u>OMISSIONS RESULTING FROM EXERCISE OF DISCRETION</u>.

14        The TAC alleges that Defendants have substantial discretion

15  to investigate and respond to abuse and to determine a child's

16  placement and that Defendants abused that discretion by selective

17  reporting of incidents and injuries in the course of

18  investigating suspected child abuse.

19        Defendants move to dismiss these allegations on the ground

20  of immunity pursuant to California Government Code § 820.2.

21        Section 820.2 provides that "[e]xcept as otherwise provided

22  by statute, a public employee is not liable for an injury

23  resulting from his act or omission where the act or omission was

24  the result of the exercise of the discretion vested in him,

25  whether or not such discretion be abused."

26        The immunity set forth in Section 820.2 applies to claims of

negligent and intentional conduct alleged in connection with a child abuse investigation, *Alicia T.*, *supra*, 222 Cal.App.3d at 882-883, as well as to decisions concerning the ultimate placement of a dependent child, *see County of Los Angeles v. Superior Court*, 102 Cal.App.4th 627, 644-646 (2002); *Ronald S.*, *supra*, 16 Cal.App.4th at 897-899.

These immunities bar suit against County employees who exercised and performed discretionary acts.  The motion to dismiss on this ground is GRANTED WITH LEAVE TO AMEND.

12.   <u>STATE IMMUNITY FROM LIABILITY FOR INJURY PROXIMATELY CAUSED BY PERSON NOT A COUNTY EMPLOYEE</u>.

Defendants move to dismiss the TAC pursuant to California Government Code § 820.8:

> Except as otherwise provided by statute, a public employee is not liable for an injury caused by the act or omission of another person.  Nothing in this section exonerates a public employee from liability for injury proximately caused by his own negligent or wrongful act or omission.

Relying on Section 820.8, Defendants argue that they are entitled to dismissal of the TAC:

> The underlying premise of the Third Amended Complaint is that the mother of Plaintiff's son sexually abused Plaintiff's son on several occasions, and that Plaintiff's mental and physical anguish is the result of the sexual abuse and the County's handling of the abuse through the juvenile dependency judicial process.  If not for the alleged sexual abuse by the mother, the County and its employees would not have investigated and commenced the case, and thus Plaintiff would not have been injured by the County and its employees, as there would have been no

30

            judicial proceedings instituted by the County
            that would have injured Plaintiff's rights.

            Because the alleged sexual abuse by the
            child's mother is the entire premise upon
            which the juvenile dependency case, and hence
            this case, arose, then any injuries by
            Plaintiff were caused by the act of another
            person who was not an employee or agent of
            the County.

This ground for dismissal raises questions of fact more properly resolved at summary judgment or trial. The motion on this ground is DENIED.

## CONCLUSION

For the reasons stated above:

1. Plaintiff's motion to remand is DENIED;

2. Defendants' motion to dismiss is DENIED IN PART AND GRANTED IN PART WITH LEAVE TO AMEND.

3. Counsel for Defendants shall prepare and lodge a form of Order within 5 days of the filing date of this Memorandum Decision;

3. Plaintiff shall file a Fourth Amended Complaint in compliance with the rulings herein within 30 days of the filing date of the Order. Failure to timely comply will result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   __October 3, 2007__           ___/s/ Oliver W. Wanger___
                                       UNITED STATES DISTRICT JUDGE