1

2

3

4

5        IN THE UNITED STATES DISTRICT COURT FOR THE

6              EASTERN DISTRICT OF CALIFORNIA

7

8  STANLEY BRADFORD CLARKE,      )        No. CV-F-07-888 OWW/SMS
                                 )
9                                )        MEMORANDUM DECISION AND
                                 )        GRANTING IN PART AND DENYING
10              Plaintiff,        )        IN PART PLAINTIFF'S REQUEST
                                 )        FOR JUDICIAL NOTICE (Doc.
11         vs.                    )        101); GRANTING IN PART AND
                                 )        DENYING IN PART DEFENDANTS'
12  SANDRA UPTON, et al.,         )        MOTION TO DISMISS SIXTH
                                 )        AMENDED COMPLAINT (Doc.
13                                )        102); DENYING DEFENDANTS'
                                 )        REQUEST FOR JUDICIAL NOTICE
14              Defendants.       )        (Doc. 104); GRANTING IN PART
                                 )        AND DENYING IN PART
15  _____)        PLAINTIFF'S COUNTER-MOTION
                                          FOR LEAVE TO FILE SEVENTH
16                                        AMENDED COMPLAINT (Doc.
                                          108); AND GRANTING
17                                        PLAINTIFF'S REQUEST FOR
                                          JUDICIAL NOTICE (Doc. 110)
18

19

20

21

22        Plaintiff Stanley Bradford Clarke, again proceeding *in pro*

23  *per*, filed a Sixth Amended Complaint pursuant to the Memorandum

    Decision filed on May 26, 2009 (May 26 Memorandum Decision; Doc.

24  92).

25        Before the Court is Defendants' motion to dismiss and

26

                                 1

Plaintiff's counter-motion for leave to file a Seventh Amended Complaint.  Defendants move to dismiss the state law causes of action for failure to allege compliance with the California Tort Claims Act and to dismiss the federal civil rights causes of action on the ground that Plaintiff cannot complain of alleged failures to present exculpatory evidence at the September 16, 2005 hearing or of the alleged misrepresentation of facts at that hearing.  Plaintiff's counter-motion to amend seeks to amend to allege compliance with the California Government Tort Claims Act.

     A.   BACKGROUND.

     Plaintiff, proceeding *in pro per*, commenced this action in the Madera County Superior Court on September 20, 2006.  On June 21, 2007, Defendants removed Plaintiff's Third Amended Complaint from the Madera County Superior Court on the basis of federal question on the ground that the Third Amended Complaint alleges at least one cause of action arises under 42 U.S.C. §§ 1981 and 1983.

     By Memorandum Decision and Order filed on October 3, 2007, (Doc. 18), Defendants' motion to dismiss was denied in part and granted in part with leave to amend.

     On November 19, 2007, Plaintiff filed a Fourth Amended Complaint.  By Memorandum Decision and Order filed on May 29, 2008, Defendants' motion to dismiss the Fourth Amended Complaint was granted in part with leave to amend, granted in part without leave to amend, denied in part, and deferred in part for limited discovery on the issues of absolute and qualified immunity from

liability under 42 U.S.C. § 1983.

Plaintiff, then represented by counsel, filed a Fifth Amended Complaint on June 6, 2008.  Defendants moved to dismiss and Plaintiff moved for leave to amend to allege timely compliance with the requirements of the California Tort Claims Act.   By Memorandum Decision and Order filed on May 26, 2009, Defendants' motion to dismiss the Fifth Amended Complaint was granted in part with prejudice and denied in part and Plaintiff's motion for leave to file a Sixth Amended Complaint was granted.

B.   <u>GOVERNING STANDARDS</u>.

1.   <u>Motion to Dismiss</u>.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint.  *Novarro v. Black*, 250 F.3d 729, 732 (9th Cir.2001).  Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or where the complaint presents a cognizable legal theory yet fails to plead essential facts under that theory.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.1984).  In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party.  *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir.2002).  However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations.  *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir.2003).  "A district court should grant a motion to dismiss if plaintiffs have not pled

3

'enough facts to state a claim to relief that is plausible on its face.'" *Williams ex rel. Tabiu v. Gerber Products Co.,* 523 F.3d 934, 938 (9th Cir.2008), quoting *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 570 (2007). "'Factual allegations must be enough to raise a right to relief above the speculative level.'" *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic*, *id.* at 555. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully, *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. In *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009), the Supreme Court explained:

> Two working principles underlie our decision in *Twombley*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitations fo the elements of a cause of action, supported by mere conclusory statements, do not suffice ... Rule 8 marks a notable and generous departure from the hyper-technical, code-

> pleading regime of a prior era, but it does
> not unlock the doors of discovery for a
> plaintiff armed with nothing more than
> conclusions.  Second, only a complaint that
> states a plausible claim for relief survives
> a motion to dismiss ... Determining whether a
> complaint states a plausible claim for relief
> will ... be a context-specific task that
> requires the reviewing court to draw on its
> judicial experience and common sense ... But
> where the well-pleaded facts do not permit
> the court to infer more than the mere
> possibility of misconduct, the complaint has
> alleged - but it has not 'show[n]' - 'that
> the pleader is entitled to relief.' ....
>
> In keeping with these principles, a court
> considering a motion to dismiss can choose to
> begin by identifying pleadings that, because
> they are no more than conclusions, are not
> entitled to the assumption of truth.  While
> legal conclusions can provide the framework
> of a complaint, they must be supported by
> factual allegations.  When there are well-
> pleaded factual allegations, a court should
> assume their veracity and then determine
> whether they plausibly give rise to an
> entitlement to relief.

Immunities and other affirmative defenses may be upheld on a motion to dismiss only when they are established on the face of the complaint.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir.1999); *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)  When ruling on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice.  *Parrino v. FHP, Inc*, 146 F.3d 699, 705-706 (9th Cir.1988).

    2.  <u>Motion to Amend</u>.

1   Rule 15(a), Federal Rules of Civil Procedure, provides that
2   "leave [to amend] shall be freely given when justice so
3   requires."  "The purpose of pleading is 'to facilitate a proper
4   decision on the merits' ... and not erect formal and burdensome
5   impediments to the litigation process.  Unless undue prejudice to
6   the opposing party will result, a trial judge should ordinarily
7   permit a party to amend its complaint."  *Howey v. United States*,
8   481 F.2d 1187, 1990 (1973).  However, "[t]his strong policy
9   toward permitting the amendment of pleadings ... must be tempered
10  with considerations of 'undue delay, bad faith or dilatory motive
11  on the part of the movant, repeated failure to cure deficiencies
12  by amendments previously allowed, undue prejudice to the opposing
13  party by virtue of allowance of the amendment, futility of
14  amendment, etc.'  *Foman v. Davis*, 371 U.S. 178, 182 ... (1962)."
15  *Schlacter-Jones v. General Telephone of California*, 936 F.2d 435,
16  443 (9th Cir. 1991).  "These factors, however, are not of equal
17  weight in that delay, by itself, is insufficient to justify
18  denial of leave to amend."  *DCD Programs*, 833 F.2d at 186; *see*
19  *also Jones*, 127 F.3d at 847 n.8.  "[I]t is the consideration of
20  prejudice to the opposing party that carries the greatest weight
21  ... Absent prejudice, or a strong showing of any of the remaining
22  *Foman* factors, there exists a *presumption* under Rule 15(a) in
23  favor of granting leave to amend."  *Eminence Capital, LLC v.*
24  *Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.2003).  "The party
25  opposing leave to amend bears the burden of showing prejudice."
26  *Serpra v. SBC Telecommunications, Inc.*, 318 F.Supp.2d 865, 870

1 (N.D.Cal.2004).

2       C.   <u>CALIFORNIA GOVERNMENT TORT CLAIMS ACT</u>.

3       Defendants move to dismiss the Third Cause of Action for

4 intentional infliction of emotional distress and the Fourth Cause

5 of Action for negligent infliction of emotional distress on the

6 ground that Plaintiff did not timely comply with the claim

7 requirements of the California Tort Claims Act.

8       The day after the Sixth Amended Complaint was filed, on July

9 28, 2009 (Doc. 101), Plaintiff filed a Request for Judicial

10 Notice in which he requests the Court take judicial notice of his

11 claim for damages filed with the County of Madera on March 13,

12 2006 ("First Tort Claim"). The claim states that Plaintiff's

13 injury or damage occurred on September 15, 2005 at 3:00 p.m. at

14 the Department of Social Services in Madera. The claim states

15 that the injury or damaged occurred:

16                MINOR CHILD REMOVED FROM PARENT, AND RETURNED
               TO OFFENDING PARENT WITHOUT PROPER

17                INVESTIGATION CHILD ENDANGERMENT, OBSTRUCTION
               OF JUSTICE, FAILURE TO REPORT CHILD ABUSE,

18                BREACH OF DUTY, NEGLIGENCE, INTENTIONAL
               INFLICTION OF EMOTIONAL DISTRESS, MALICE TO

19                COMMIT RECKLESS, WILLFUL AND CONSCIOUS
               DISREGARD OF THE RIGHTS AND SAFETY OF OTHERS,

20                ABUSE OF DISCRETION AND PROCESS, VIOLATION OF
               STATUTE, FAILURE TO DISCLOSE KNOWN

21                EXCULPATORY EVIDENCE, FALSIFYING
               DOCUMENTATION.

22

23 The claim names the County employees involved as "SANDRA UPTON,

AMPARO WILLIAMS, FERN MILLS, SUSAN ARTEAGA, BILL SMITH, RON

24 NISSILA." Plaintiff requests the Court take judicial notice of

25 Madera County's rejection of his claim dated March 15, 2006. The

26

1   rejection states: "DATE OF MAILING: 03/15/06."

2        On October 9, 2009, (Doc. 110), Plaintiff filed a second

3   Request for Judicial Notice.  Plaintiff requests the Court take

4   judicial notice of his claim for damages filed with the County of

5   Madera on September 10, 2006 ("Second Tort Claim").  The claim

6   states that the injury was "malicious prosecution" and that it

7   occurred in April 2006.  The claim names the County employees

8   involved as "Sandra Upton, Ron Nissila, Miranda Neal, Erik

9   Beauchamp."  The action or inaction of the County employees who

10  caused the injury is stated: "Failure to disclose exculpatory

11  evidence, Fraud, Perjury."   Plaintiff requests the Court take

12  judicial notice of the County's rejection of this claim dated

13  September 20, 2006.  The rejection states: "DATE OF MAILING:

14  09/20/06."

15       Pursuant to Rule 201, Federal Rules of Evidence, The Court

16  takes judicial notice of the filing date and content of the

17  First Tort Claim and its rejection by the County, and of the

18  filing date and content of the Second Tort Claim, and its

19  rejection.  These documents are matters of public record and set

20  forth facts "capable of accurate and ready determination by

21  resort to sources whose accuracy cannot be reasonably

22  questioned."

23       Plaintiff also requests the court take judicial notice of

24  the 2005 Madera County Grand Jury Final Report on Child Welfare

25  Services Part 1, attached as Exhibit C to Doc. 101.  Plaintiff's

26  request for judicial notice of this Final Report is denied,

1   except for the fact that the Final Report was issued.

2        Also on October 9, 2008, Plaintiff filed a counter-motion

3   for leave to file a Seventh Amended Complaint, his declaration in

4   support of this motion, and a Request for Judicial Notice.

5   Plaintiff seeks leave to amend to add "paragraph 53 on page 16

6   under the common allegations of the complaint:"

7            53.  Plaintiff was required to comply with
             the California Government Tort Claims Act and
8            plaintiff did comply by filing Government
             Tort Claims on forms supplied by the County
9            of Madera on or about March 13, 2006, and
             again on September 19, 2006; Plaintiff's
10           Government Tort Claims were rejected by the
             County of Madera on or about March 15, 2006,
11           and September 20, 2006, respectively.
             Thereafter, plaintiff timely filed this
12           complaint in the Superior court of Madera.

13       Defendants argue that dismissal of the state law causes of

14  action and denial of leave to amend should be ordered as to

15  Plaintiff's First Tort Claim, which was denied on March 15, 2006.

16  Plaintiff's Complaint was filed on September 20, 2006.

17       Essentially, Defendants contend that amendment to allege

18  compliance with the California Tort Claims Act with regard to the

19  First Claim will be futile.  Leave to amend may be denied if the

20  proposed amendment is futile or would be subject to dismissal.

21  *Saul v. United States*, 928 F.2d 829, 843 (9th Cir.1991).  Leave

22  to amend may be denied based upon futility alone.  *Bonin v.

23  Calderon*, 59 F.3d 815, 845 (9th Cir.1995).  A claim is considered

24  futile and leave to amend shall not be given if there is no set

25  of facts that can be proved under the amendment that would

26  constitute a valid claim.  *Miller v. Rykoff-Sexton, Inc.*, 845

F.2d 209, 214 (9th Cir.1988).  However, denial on this ground is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.  *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D.Cal.2003), citing *Schwarzer, California Practice Guide: Federal Civil Procedure Before Trial* at 8:422 (The Rutter Group, 2002).

California Government Code § 945.6(a)(1) provides that, if the public entity gives written notice of the rejection of a tort claim in accordance with Government Code § 913, suit against the public entity must be brought no later than six months after the date the notice of rejection is personally delivered or deposited in the mail.  Here, Madera County's rejection of Plaintiff's March 15, 2006 claim complied with the requirements of Section 913 and was mailed to Plaintiff on March 15, 2006.  The County's rejection of the March 15, 2006 claim specifically advised Plaintiff that "you have only six months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim."  Plaintiff's Complaint was not filed until September 20, 2006, five days after the expiration of the six month period.

Plaintiff acknowledges that he did not file the Complaint within six months of the rejection of his March 15, 2006 tort claim.  Plaintiff submits his declaration in which he avers:

> During the time period between September 15, 2005, and specifically through 2007, I suffered severe emotional distress,

10

1                          **physically manifested ailments, and financial hardships that rendered me incapable of possessing the power, strength, and ability to adequately pursue claims against the County of Madera.  I feared continued retaliation from the Department of Social Services.  I suffered anxiety and unbearable sorrow due to the loss of my child.  I was relegated to supervised visits with my child and occupied with counseling and therapy as well as having false charges pending against me including kidnaping and the complete loss of my parental rights.**

Plaintiff argues that Defendants "do not consider or acknowledge the fact that Plaintiff was under tremendous duress, severe emotional distress, suffering physical ailment, anxiety, and fear of retaliation from defendants ... that intimidated Plaintiff from pursuing any claims while defendants were requesting the termination of Plaintiff's parental rights, and supporting a petition to remove all custody and visitation from Plaintiff and his minor child."   Plaintiff asserts that the emotional and physical distress alleged in his declaration "caused an incapacity and inability during the time period of the claims requirements such that plaintiff Clarke would be excused from California Government Tort Claims requirements pursuant to the California Government Code section 946.6(c)(3)."

Plaintiff cites no authority that his alleged aggrieved mental state excuses his failure to timely file the Complaint and the Court can find none.  The six month period set forth in Section 945.6(a)(1) is mandatory and strict compliance is required.  *Julian v. City of San Diego*, 183 Cal.App.3d 169, 176 (1986); 1 California Government Tort Liability Practice, § 8.14

(4th Ed.).  California Government Code § 946.6 does not apply to Plaintiff.  Section 946.6 provides:

> (a) If an application for leave to present a claim is denied or deemed to be denied pursuant to Section 911.6, a petition may be made to the court for an order relieving the petitioner from Section 945.4.  The proper court for filing the petition is a superior court that would be a proper court for the trial of the action on the cause of action to which the claim relates ....
>
> (b) The petition shall show each of the following:
>
> (1) That application was made to the board under Section 911.4 and was denied or deemed denied.
>
> (2) The reason for failure to present the claim within the time limit specified in Section 911.2.
>
> (3) The information required by Section 910.
>
> (c) The court shall relieve the petitioner from the requirements of Section 945.4 if the court finds that the application to the board under Section 911.4 was made within a reasonable time not to exceed that specified in subdivision (b) of Section 911.4 and was denied or deemed denied pursuant to Section 911.6 and that one or more of the following is applicable:
>
> ...
>
> (3) The person who sustained the alleged injury, damage or loss was physically or mentally incapacitated during all of the time specified in Section 911.2 for the presentation of the claim and by reason of that disability failed to present a claim during that time.

California Government Code § 911.4 provides in relevant part:

> (a) When a claim that is required by Section

> 911.2 to be presented not later than six
> months after the accrual of a cause of action
> is not presented within that time, a written
> application may be made to the public entity
> for leave to present that claim.
>
> (b) The application shall be presented to the
> public entity as provided in Article 2
> (commencing with Section 915) within a
> reasonable time not to exceed one year after
> the accrual of the cause of action and shall
> state the reason for the delay in presenting
> the claim.  The proposed claim shall be
> attached to the application.

Here, Plaintiff makes no showing that he has complied with either Sections 911.4 or 946.6.  He makes no showing that he petitioned the County of Madera for permission to file a late claim.[1]

To the extent that Plaintiff seeks leave to amend to allege timely compliance with the requirements of the California Tort Claims Act relative to Plaintiff's alleged injuries occurring on September 15, 2005, the date of the claimed injury in Plaintiff's First Tort Claim, Defendants argue that leave to amend should be denied and that the Third and Fourth Causes of Action be dismissed with prejudice to the extent these causes of action are based on the events of September 15, 2005 or before.  Defendants argue that Plaintiff cannot rely on the Second Tort Claim to support these claims because the Second Tort Claim refers to

---

[1]Because of this, it is unnecessary to address whether the federal district courts have jurisdiction under Section 946.6.  *See See Harvey v. City of Fresno*, 2009 WL 3157524 at *9 (E.D.Cal.Sept. 28, 2009), noting a spit of authority among the district courts in California whether federal district courts have jurisdiction under Section 946.6.

1    "malicious prosecution" in "April of 2006" and does not name

2    Amparo Williams as a tortfeasor.

3        Plaintiff refers to accrual of a cause of action.  Plaintiff

4    cites California Government Code § 901:

5            For the purposes of computing the time limits
             prescribed by Sections 911.2, 911.4, 912, and
6            945.6, the date of the accrual of a cause of
             action to which a claim relates is the date
7            upon which the cause of action would be
             deeded to have accrued within the meaning of
8            the statute of limitations which would be
             applicable thereto if there were no
9            requirement that a claim be presented to and
             be acted upon by the public entity before an
10           action could be commenced thereon ....

11   Plaintiff cites *Mosesian v. County of Fresno*, 28 Cal.App.3d 493,

12   500 (1972): "A cause of action normally accrues when under the

13   substantive law the wrongful act is done and the liability or

14   obligation arises, that is, when the action may be brought."

15   Plaintiff then refers to the delayed discovery doctrine, citing

16   *Norgart v. Upjohn Co.*, 21 Cal.4th 383, 397-398 (1999):

17           The general rule for defining the accrual of
             a cause of action sets the date as the time
18           'when, under the substantive law, the
             wrongful act is done,' or the wrongful result
19           occurs, and the consequent 'liability arises
             ....' ... In other words, it sets the date as
20           the time when the cause of action is complete
             with all of its elements ....

21
             An exception to the general rule for defining
22           the accrual of a cause of action - indeed,
             the 'most important' one - is the discovery
23           rule ... It may be expressed by the
             Legislature or implied by the courts ... It
24           postpones accrual of a cause of action until
             the plaintiff discovers, or has reason to
25           discover, the cause of action ....

26           Under *Jolly* [*v. Eli Lilly & Co.*, 44 Cal.3d

                                14

1103 (1988)], ... the plaintiff discovers the cause of action when he at least suspects a factual basis, as opposed to a legal theory, for its elements, even if he lacks knowledge thereof - when, simply put, he at least 'suspects ... that someone has done something wrong' to him ..., 'wrong' being use, not in any technical sense, but rather in accordance with its 'lay understanding' ... He has reason to discover the cause of action when he has reason at least to suspect a factual basis for its element ... He has reason to suspect when he has '"'"notice or information of circumstances to put a reasonable person *on inquiry*'"'" ...; he need not know the 'specific "facts" necessary to establish' the cause of action; rather, he may seek to learn such facts through the 'process contemplated by pretrial discovery'; but within the applicable limitations period, he must indeed seek to learn the facts necessary to bring the cause of action in the first place - he 'cannot wait for' them 'to find' him and 'sit on' his 'rights'; he 'must go find' them himself if he can and 'file suit' if he does ....

*See also Gutierrez v. Mofid,* 39 Cal.3d 892, 897-898 (1985):

[T]he uniform California rule is that a limitations period dependent on discovery of the cause of action begins to run no later than the time the plaintiff learns, or should have learned, the *facts* essential to his claim ... It is irrelevant that the plaintiff is ignorant of ... the legal theories underlying his cause of action.

*See also Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal.4th 797, 802 (2005):

[U]nder the delayed discovery rule, a cause of action accrues and the statute of limitations begins to run when the plaintiff has reason to suspect an injury and some wrongful cause, unless the plaintiff pleads and proves that a reasonable investigation at that time would not have revealed a factual basis for that particular cause of action. In that case, the statute of limitations for

15

1          that cause of action will be tolled until
           such time as a reasonable investigation would
2          have revealed its factual basis.

3  *See also McCready v. American Honda Motor Co., Inc.*, 2006 WL

4  1708303 at * 4 (E.D.Cal.June 19, 2006):

5          Plaintiffs' claims here began to accrue when
           Plaintiffs had notice or information of
6          circumstances that would have put a
           reasonable person on inquiry, or had the
7          opportunity to obtain knowledge for sources
           open to their investigation ... As such, to
8          invoke the delayed discovery rule, Plaintiffs
           had to plead facts showing: (1) lack of
9          knowledge; (2) lack of means of obtaining
           knowledge; and (3) how and when the fraud or
10         mistake was actually discovered.

11 Plaintiff asserts:

12         Plaintiff's second tort claim relates to new
           misconduct by UPTON and the DSS causing
13         severe emotional distress to Plaintiff that
           was discovered during juvenile court
14         testimony between April and September 2006.
           Plaintiff's second tort claim relates back to
15         previous misconduct by UPTON and the
           Department of Social Services by way of the
16         'doctrine of delayed discovery' for
           misconduct that Plaintiff previously had no
17         factual basis in believing.  The County of
           Madera rejected Plaintiff's second tort claim
18         but failed to contest the timeliness or
           insufficiency, thereby waiving any objections
19         now.

20      As Defendants reply, Plaintiff's reliance on the delayed

21 discovery rule is misplaced:

22         Plaintiff's claim filed on March 13, 2009
           [sic] identifies injuries due to the
23         Defendants' wrongful conduct caused on
           September 15, 2005.  Plaintiff was aware of
24         the cause of action and timely filed a claim
           with the County ... Plaintiff cannot claim
25         that he was not on notice of the cause of
           action until April and that there was a
26         delayed discovery of the cause of action.

                              16

1          The filing of the first claim admits that he
           was on notice.
2
           Plaintiff argues that he was not aware of all
3          the facts or wrongful acts committed by the
           Defendants on September 15, 2005, but this
4          does not alter the accrual of the cause of
           action.  So long as he was aware that he had
5          an injury that was caused by the Defendants'
           wrongful conduct, the late discovery rule
6          does not apply.  It is accepted and assumed
           that a plaintiff may not know all the facts
7          and the totality of the wrongdoing, so long
           as there is a reason to make an inquiry.  As
8          to the events of September 16, 2005,
           Plaintiff had the same reason to suspect
9          wrongdoing, especially when he was able to
           file a claim regarding the related events the
10         day before.

11  Defendants also note that the Sixth Amended Complaint does not

12  allege facts supporting invocation of the delayed discovery rule.

13         To the extent the Sixth Amended Complaint alleges state law

14  claims based on alleged misconduct occurring on September 15-16,

15  2005 and before, leave to amend is DENIED and the Third and

16  Fourth Causes of Action are DISMISSED because of Plaintiff's

17  failure to timely comply with the California Government Tort

18  Claims Act.  The allegations of the Sixth Amended Complaint make

19  clear that Plaintiff knew of the alleged wrongs and identities of

20  the wrongdoers on September 15 and 16, 2005.  He filed a timely

21  tort claim with regard to these alleged wrongs, but then failed

22  to timely file this lawsuit.

23         As to Plaintiff's assertion that "[t]he County of Madera

24  rejected Plaintiff's second tort claim but failed to contest the

25  timeliness or insufficiency, thereby waiving any objections now,"

26  Plaintiff cites no supporting authority.  California Government

17

Code § 910.8 provides:

> If, in the opinion of the board or the person
> designated by it, a claim as presented fails
> to comply substantially with the requirements
> of Sections 910 and 910.2, or with the
> requirements of a form provided under Section
> 910.4 if a claim is presented thereto, the
> board or the person may, at any time within
> 20 days after the claim is presented, given
> written notice of its insufficiency, stating
> with particularity the defects or omissions
> therein.  The notice shall be given in the
> manner prescribed by Section 915.4.  The
> board may not take action on the claim for a
> period of 15 days after the notice is given.

California Government Code § 911 provides:

> Any defense as to the sufficiency of the
> claim based on a defect or omission in the
> claim as presented is waived by the failure
> to give notice of the insufficiency with
> respect to the defect or commission as
> provided in Section 910.8, except that no
> notice need be given and no waiver shall
> result when the claim as presented fails to
> state either an address to which the person
> presenting the claim desires notices to be
> sent or an address of the claimant.

Here, Defendants do not assert that Plaintiff's Second Tort Claim did not comply with the requirements of Sections 910 or 910.2; rather, they assert that the Second Tort Claim refers only to an alleged malicious prosecution of Plaintiff in April 2006 and does not name Defendant Williams.  Therefore, Defendants argue, the Second Tort Claim is limited to an alleged malicious prosecution in April 2006 and to the named tortfeasors in the Second Tort Claim.  Plaintiff can only proceed on the Third and Fourth Causes of Action with regard to the alleged misconduct in connection with the hearing in April 2006.

**D.   FAILURE TO STATE A CLAIM RE SEPTEMBER 16, 2005 HEARING.**

Defendants move to dismiss the Sixth Amended Complaint for failure to state a claim upon which relief can be granted:

> Plaintiff brings this action for alleged misrepresentations or an alleged failure to produce exculpatory evidence at the hearing of an ex parte application that occurred on September 16, 2005.  The pleadings have always identified this as the date of injury, and the date when the Defendants' wrongful acts or omissions occurred.  While Plaintiff has included several different claims for relief based on various theories of liability, such as the wrongful acts were motivated by racial animus, or prejudice against Plaintiff's gender, or that the acts or omissions were done pursuant to a custom and practice, the events at the hearing are the cause of action.

In so moving, Defendants request the Court take judicial notice of the following documents:[2]

> 1.   Declaration of Ronald A. Nissila in Support of Motion Juvenile Dependency Petition Pursuant to Welfare & Institutions Code § 388, filed on September 15, 2005, Madera County Superior Court, Case No. BJP015618.  (Exh. B, Decl. of Ryan Libke, filed under seal on April 16, 2009 (Doc. 86);
>
> 2.   Reporter's Transcript of the matter before the Madera County Superior Court, Department 4, on September 16, 2005, commencing at 8:30 a.m., Judge Thomas L. Bender presiding.  (Exh. C, Decl. of Ryan Libke, filed under seal on April 16, 2009 (Doc. 86);
>
> 3.   Reporter's Transcript of the matter before the Madera County Superior Court,

---

[2]Defendants' Request for Judicial Notice filed on August 10, 2009 (Doc. 104), incorrectly refers to the Reporter's Transcript of the hearing on September 16, 2005 as Exhibit A to the Declaration of Ryan Libke.

Department 4, on October 11, 2005, commencing at 1:30 p.m., Judge Thomas L. Bender presiding. (Exh. D, Decl. of Ryan Libke, filed under seal on April 16, 2009 (Doc. 86).

Based on these exhibits, Defendants request the Court take judicial notice of the following facts:

1. At the ex parte hearing occurring on September 16, 2005, in front of Judge Bender in the Madera County Superior Court, as is referenced in the Sixth Amended Complaint, Defendant Upton was present as the case manager for the minor. (Reporter's Transcript, Dept. 4 of the Madera County Superior Court, Sept. 16, 2005, 8:30 am, Judge Bender, p. 3:10-12).

2. The minor's private counsel had made a "request for modification." (*Id.* at 3:16-20).

3. The minor's private counsel and county counsel submitted the matters on the request and attachment, as did the mother's attorney. (*Id.* at pp. 3:13-4:5). Plaintiff's attorney requested to be heard, and requested an evidentiary hearing. (*Id.* at p. 4:6-12).

4. The court stated that it would grant the request, but that it had to make an immediate decision. (*Id.* at p. 4:13-16).

5. Plaintiff's attorney requested that the child be returned to his father, that a SART interview be conducted, and that results be considered relative to a temporary custodial arrangement for the child. (*Id.* at p. 4:17-25).

6. Plaintiff's attorney requested that the child be taken to a doctor for further evaluation concerning the allegations of sexual abuse. (*Id.* at p. 5:1-6).

7. Plaintiff's counsel reiterated his request for an evidentiary hearing. (*Id.* at p. 5:8-12).

8. The court denied the request for a return

20

of the child to the father, and for a second SART interview.  (*Id.* at p. 5:13-15).

9.  The court also denied the request to have the mother take the child to a doctor for further evaluation.  (*Id.* at p. 20-21).

10.  The court granted the application for modification made pursuant to California Welfare and Institutions Code section 388, and removed the child from the care of his father.  (*Id.* at p. 20-24).

11.  Plaintiff would have supervised visitation upon further psychological evaluation.  (*Id.* at pp. 5:25-6:5).

12.  The court specified that the order was temporary and that an evidentiary hearing on the petition would be set.  (*Id.* at 6:4-7).

13.  Plaintiff's attorney requested "a minimum of a couple of weeks" to prepare for the hearing, which was then set for October 11, 2005.  (*Id.* at pp. 6:8-7:10).

14.  The child's private attorney made the application and submitted the attachments, not any of the Defendants.

Plaintiff does not object to Defendants' Request for Judicial Notice.  However, case authority establishes that Defendants' Request for Judicial Notice must be denied.  In *Taylor v. Charter Medical Corp.*, 162 F.3d 827 (5th Cir.1988), the Fifth Circuit held that the District Court did not err in refusing to take judicial notice of the *Milonas* courts' determination that Old Provo Canyon was a state actor:

> Rule 201 of the Federal Rules of Evidence provides that a court *may* take judicial notice of an 'adjudicative fact' if the fact is 'not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready

determination by resort to sources whose
accuracy cannot be questioned.'   Taylor
asserts that the factual findings of the
district court in *Milonas* – upheld on appeal
– fall within this second category.   We
disagree.

We have not previously addressed this precise
issue, but the Second, Eighth, and Eleventh
Circuits have, holding that, even though a
court may take judicial notice of a 'document
filed in another court ... to establish the
fact of such litigation and related filings,'
a court cannot take judicial notice of the
factual findings of another court.   This is
so because (1) such findings do not
constitute facts 'not subject to reasonable
dispute' within the meaning of Rule 201; and
(2) 'were [it] permissible for a court to
take judicial notice of a fact merely because
it had been found to be true in some other
action, the doctrine of collateral estoppel
would be superfluous.'

The Ninth Circuit appears to follow this line of cases.   In *Wyatt
v. Terhune*, 315 F.3d 1108 (9th Cir.), *cert. denied,* 540 U.S. 801
(2003), the Ninth Circuit reversed a grant of summary judgment,
stating in *dicta*:

Although Wyatt never formally objected to
judicial notice of the *Toyebo* findings, he
did state in his objections to the magistrate
judge's report:

The Magistrate furthermore relies
upon the ruling in [*Toyebo*].
Plaintiff's objections are based
upon the fact the court has failed
to take into consideration
plaintiff's action on a case by
case basis for which differs from
that of *Friedman* and *Toyebo*,
surrounding essential issues and
arguments that differ in this
action before the court.

Represented by counsel in this appeal, Wyatt
contends that the magistrate judge's use of

22

the *Toyebo* findings constituted an improper procedural shortcut and that judicial notice was improper under Rule 201 ... Although we appreciate that the magistrate judge was attempting to utilize an expeditious procedure, we have held that taking judicial notice of findings of fact from another case exceeds the limits of Rule 201.  *See M/V Am. Queen v. San Diego Marine Constr. Corp.,* 708 F.2d 1483, 1491 (9th Cir.1983)(stating general rule that 'a court may not take judicial notice of proceedings or records in another case so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause before it.').

315 F.3d at 1113-1114.

Here, Defendants' Request for Judicial Notice seeks to have the Court accept the findings and rulings of the Madera County Superior Court at hearings before it on September 16, 2005 and October 11, 2005.  This cannot be done under governing law. While the documents submitted in Defendants' Request for Judicial Notice strongly undermine Plaintiff's allegations concerning the events at the September 16, 2005 hearing, the viability of Plaintiff's claims relative to that hearing cannot be resolved by the requested judicial notice in the context of a motion to dismiss.

Further, while the Sixth Amended Complaint focuses primarily upon the events of September 15-16, 2005, those events are not the only basis for the allegations against Defendants in this action.  The motion to dismiss on this ground is DENIED.

E.  <u>EIGHTH CAUSE OF ACTION</u>.

Although Defendants do not move to dismiss the Eighth Cause of Action, to the extent it alleges a violation of Title VI of

23

1  the Civil Rights Act of 1964, 42 U.S.C. § 2000d to 2000d-7, the

2  Eighth Cause of Action does not state a claim for relief.   Title

3  VI provides:

4          No person in the United States shall, on the
           ground of race, color, or national origin, be
5          excluded from participation in, be denied the
           benefits of, or be subjected to
6          discrimination under any program or activity
           receiving Federal financial assistance.
7
   As explained in *Epileptic Foundation v. City and County of Maui*,

8  300 F.Supp.2d 1003, 1011 (D.Hawaii 2003):
9
          To state a Title VI claim for damages, 'a
10         plaintiff need only allege that (1) the
           entity involved is engaging in racial
11         discrimination; and (2) the entity involved
           is receiving federal financial assistance.'
12         ... To prevail on a Title VI claim, however,
           a plaintiff must prove (1) that he is an
13         'intended beneficiary of the federally-funded
           program the defendants ... participated in,'
14         ... and (2) that the defendant intentionally
           discriminated against him in violation of the
15         statute.

16 There is no allegation in the Sixth Amended Complaint that either

17 the Department of Social Services or the County of Madera is

18 receiving federal financial assistance or that Plaintiff is an

19 intended beneficiary of the federally-funded program.   At the

20 hearing, Plaintiff referred to Paragraphs 51-52 of the Sixth

21 Amended Complaint:

22         51.   From January 10, 2005, until September
           18, 2007, during the entire course of the
23         dependency action by Madera County Department
           of Social Services, plaintiff was denied
24         equal access to social workers and family
           reunification services that were provided for
25         the mother of plaintiff's minor child.
           Social workers Upton, Williams, and Maria
26         Cruz, refused to complete home visits,

                              24

> refused to return phone calls, and refused to
> document plaintiff's concerns.
>
> 52.   On or about July 2005, August 2005, and
> again in October 2005, plaintiff made
> complaints to the Department of Social
> Services and to the Madera County Grand Jury
> about the discriminatory treatment of
> plaintiff by Madera DSS social workers.   The
> Madera County Department of Social Services
> was indifferent failed to take any action to
> correct the problems that plaintiff
> complained of. [SIC]

These allegations do not allege the elements of a violation of Title VI.

The Eighth Cause of Action is defective to the extent it is based on the First Amendment.   Plaintiff cannot bring a claim directly under the First Amendment because Congress has created an alternative remedy.   *Carlson v. Green*, 446 U.S. 14, 20 (1980)

Moreover, the May 26 Memorandum Decision granted Plaintiff leave to file a Sixth Amended Complaint to name his son Ambroise as a plaintiff and to include him in the allegations against Defendants and to include an allegation of compliance with the California Tort Claims Act.   By Order filed under seal, the Court denied Plaintiff's application for appointment of himself as guardian ad litem for his minor son, thereby negating the naming of his son as a plaintiff in this action.   (Doc. 91).   The Eighth Cause of Action is entirely new and leave to amend to allege it was neither requested nor granted.   The Eighth Cause of Action is DISMISSED.

///

///

1

2                            **CONCLUSION**

3      For the reasons stated:

4      1.   Defendants' request for judicial notice is DENIED;

5      2.   Plaintiff's requests for judicial notice are GRANTED IN

6  PART AND DENIED IN PART;

7      3.   Defendants' motion to dismiss is GRANTED IN PART AND

8  DENIED IN PART.   The Third and Fourth Causes of Action are

9  dismissed to the extent they are based on alleged actions or

10 omissions occurring before April 2006 and are dismissed as to

11 Defendant Umparo Williams.   The Eighth Cause of Action is

12 dismissed for failure to state a claim upon which relief can be

13 granted.

14     4.   Plaintiff's motion to amend is GRANTED IN PART AND

15 DENIED IN PART;

16     5.   Within thirty (30) days of service of this Memorandum

17 Decision and Order, Plaintiff shall file a Seventh Amended

18 Complaint alleging compliance with the California Government Tort

19 Claims Act as to the tort claim filed on September 10, 2006 and

20 denied on September 20, 2006.   No other amendments are

21 authorized.

22     IT IS SO ORDERED.

23 Dated:   **March 18, 2010**                **/s/ Oliver W. Wanger**

24                                  UNITED STATES DISTRICT JUDGE

25

26

                                    26