UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STANLEY BRADFORD CLARKE, | ) | 1:07-cv-0888 OWW SMS |
| | ) | |
| Plaintiff, | ) | SCHEDULING CONFERENCE ORDER |
| | ) | |
| v. | ) | Discovery Cut-Off: 6/24/11 |
| | ) | |
| SANDRA UPTON; AMPARO WILLIAMS; DEPARTMENT OF SOCIAL SERVICES; and COUNTY OF MADERA, | ) ) ) | **Non-Dispositive Motion Filing Deadline: 7/11/11** |
| | ) | **Non-Dispositive Motion** |
| Defendants. | ) | **Hearing Date: 8/12/11 9:00 Ctrm. 7** |
| | ) | |

**Dispositive Motion Filing Deadline: 7/25/11**

**Dispositive Motion Hearing Date: 8/29/11 10:00 Ctrm. 3**

**Settlement Conference Date: 6/29/11 10:30 Ctrm. 7**

**Pre-Trial Conference Date: 10/3/11 11:00 Ctrm. 3**

**Trial Date: 11/1/11 9:00 Ctrm. 3 (JT-5 days)**

I.  Date of Scheduling Conference.

   July 28, 2010.

II. Appearances Of Counsel.

   Stanley Bradford Clarke, Plaintiff, appeared in pro se.

   Emerson, Corey, Sorensen, Church & Libke by Rayma Church,

1


**Esq., appeared on behalf of Defendants.**

**III.   Summary of Pleadings.**

   **Plaintiff's Factual Contentions.**

   1.   Plaintiff contends that on September 16, 2005, at the hearing of an ex parte application on a family law matter in the Madera County Superior Court, Defendant Sandra Upton failed to disclose exculpatory evidence which would have indicated that the Plaintiff did not exchange his child with his ex-wife, only upon being instructed by law enforcement officers not to do so. Plaintiff contends that the failure to disclose this evidence resulted in Plaintiff being deprived of custody and visitation rights relative to his minor son.  Plaintiff contends that Sandra Upton was acting as an employee of the County of Madera, Department of Social Services, at the time of the hearing.

   2.   Plaintiff contends that Sandra Upton conspired with Amparo Williams, another employee of the Department of Social Services, and others, to deprive the Plaintiff of his right to be with his son, in part due to Plaintiff's ancestry and his gender.

   **Plaintiff's Legal Contentions.**

   3.   Plaintiff contends that the failure to disclose exculpatory evidence violated Plaintiff's civil rights and that he is entitled to recovery from the Defendants under § 1983.  He also contends that the conspiracy is actionable under § 1985. Plaintiff seeks recovery upon a state law theory of the infliction of emotional distress.  Plaintiff seeks recovery against the County of Madera and the Department of Social Services because of policies and procedures concerning the use of trickery, duress, fabrication and/or false testimony of evidence,

2

and the failure to disclose exculpatory evidence.  Also Plaintiff contends that there was a failure to adequately train County employees relative to certain Constitutional rights.

**Relief Sought by Plaintiff.**

4.   Plaintiff is seeking general damages according to the proof, special damages according to the proof, including medical expenses, compensatory damages for violation of Plaintiff's civil rights, and costs of suit.

**Defendants' Factual Contentions.**

5.   Defendants contend there was a factual controversy relative to the circumstances preceding the ex parte application. Defendants contend the hearing was requested by the son's attorney, and other ex parte relief was requested by the son's mother.  At the time of the hearing, an order was in force which required the child to be exchanged at pre-arranged times and without incident.  The Superior Court had already found that both the Plaintiff and the mother were not acting in the best interests of the child, and had declared the child to be a ward of the court.  The father had been found to have been overly suspicious of the mother and to have been manipulating his son against the mother.

6.   Defendants contend that Plaintiff had failed to comply with the exchange order on several occasions.  While Plaintiff contends that police officers told him not to exchange his child with mom, police officers subsequently questioned son and determined that no abuse had occurred and that there was no justification for the scheduled exchange not to take place. Defendants contend that the Plaintiff was repeating behavior in

3

which he was falsely accusing the mother, or exaggerating the circumstances.  Plaintiff did not at any time explain to any employee of the Department of Social Services why he would not be exchanging the child per the court's order.

 7. Defendants contend that Plaintiff's counsel, at the time, requested an evidentiary hearing for a later date, a month after the hearing of the ex parte application.

 8. On state law claims, Plaintiff did not timely file his complaint after having been given notice of the rejection of his claim.

**Defendants' Legal Contentions.**

 9. Defendants contend that they have not violated Plaintiff's civil rights and that they are not liable for decisions of the judge of the Superior Court.  The Plaintiff himself, or his previous attorney, are responsible for the outcome of the previous litigation.

 10. Defendants also contend that, relative to the civil rights claims, either the absolute or qualified privilege applies.

 11. As to the state law claims, Plaintiff has failed to comply with the California Government Claims Act and cannot seek recovery against the Defendants.  Otherwise, he cannot show that the Defendants engaged in extreme or outrageous conduct, or would have owed a duty to Plaintiff to prevent him suffering emotional distress.

**IV. Orders Re Amendments To Pleadings.**

 1. The Court, with Plaintiff's consent, has dismissed without prejudice, the Department of Social Services, as that is

4

not a public entity that can be liable under the circumstances of this case.

    2.   The parties do not anticipate amending the pleadings at this time, except the Plaintiff has agreed that Madera Department of Social Services is dismissed without prejudice.

    3.   The Defendants shall file their answer to the most recent amended complaint on or before January 31, 2011.

V.   Factual Summary.

    A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.

        1.   The parties do not dispute that Defendants Sandra Upton and Amparo Williams were the employees of the County of Madera and were acting in the course and scope of employment at the time of the pertinent events.

        2.   It is not disputed that Plaintiff was the father of the child identified in the pleadings.

        3.   It is not disputed that on or about November 24, 2004, the Kern County Superior Court held a hearing.  The judge ordered supervised visitation for the mother and that she would not sleep in the same bed as the minor.  The court ordered the minor child be evaluated by Jay Fisher, Ph.D.

        4.   It is not disputed that in January of 2005, Dr. Jones, a pediatrician, noted signs of physical abuse and injuries on the minor child's body and that Dr. Jones' notes relate that the child's mother had inflicted these injuries when hitting the child with a wooden spoon.  On January 10, 2005, the minor child was placed in the temporary placement and care of the CPS by court order, and that the child was later placed in foster care.

5

5.   A CSART interview of the minor child was completed on early 2005, with the Deputy District Attorney present, as well as a Madera Police Department Detective, and a District Attorney's Office investigator.  The interview was conducted without Plaintiff or any relative present.

6.   On February 21, 2005, Dr. Fisher, a child psychologist, issued a report of a psychological examination.  The report indicated that the minor was very intelligent.  Dr. Fisher concluded that the mother appeared to have hurt her son and placed him in a position where he was injured and/or physically abused.  Dr. Fisher recommended that the minor be returned to the custody of his dad.  Dr. Fisher recommended that the mother should have supervised visits with the child, obtain psychotherapy for her and her child, and take an anger management course.

7.   A dependency hearing was held on April 11, 2005, which was contested.

8.   On or about June 10, 2005, Judge Thomas Bender reached a decision in the dependency case.  Judge Bender found that there was one incident of physical abuse by the mother.  Judge Bender ordered the minor to become a dependent of the court.  The parents would have alternating visitation consisting of custodial time with both parents.

9.   Dr. Napolitano made a report to Pam Ogella at Madera CPS on August 23, 2005.

10.   Plaintiff arrived at the Madera City Police Department on September 15, 2005, with his minor child and met with Sgt. Wiles and Defendant Upton.

6

1      11.   Plaintiff later complained to the supervisors and management of the Department of Social Services and asked that Defendant Upton be removed from the case.

       12.   Plaintiff retained joint physical and legal custody of the minor on September 18, 2007.

B.   Contested Facts.

       1.    The child could not be given over to the custody of the Plaintiff until the court conducted a dependency hearing.

       2.    On January 10, 2005, the minor child was placed in temporary placement in care of CPS. It is disputed as to the date the court order issued. The child was later placed in foster care.

       3.    Whether Dr. Susan Napolitano reported to Defendant Upton, the family maintenance service worker, representations that the minor had made to Dr. Napolitano. Dr. Napolitano was referred to CPS to make a report.

       4.    Plaintiff and his attorney attended the ex parte hearing on September 16, 2005. It is disputed whether Defendant Upton arrived late to the dependency case hearing and was only present for part of the hearing on September 16, 2005.

Dependency Ruling.

       5.    The underlying dependency matter was fully tried in the Madera County Superior Court. The Court issued its decision on the dispositional hearing on June 10, 2005. The Reporter's transcript indicates that the court, Hon. Judge Bender presiding, considered the Department's evidence, the jurisdictional hearing report, the addendum report, the dispositional hearing report, the delivered service logs, as well

as the mother's evidence, and the father's evidence.  The court considered Mr. Clark's testimony, the testimony of the mother, the social worker testimony, and numerous psychologists.  The court watched tapes of the child interacting with the parents.

6.   In a very personal decision, Judge Bender expressed deep concern for the interest of the minor, and found both his parents were acting against the boy's interests.  The court took jurisdiction over the case.  It found that Stanley Bradford Clarke had credibility problems, as did the mother, and others involved.

7.   The court found that there was no sexual abuse.  The court found that Mr. Clarke had abused the child's mother in front of the son, and had made derogatory statements about her in front of the minor child.  The court determined that Mr. Clarke was constantly interrogating his son, and coaching him and rehearsing with him what to say about the mother.  Mr. Clarke was found to be forum shopping between Kern County and Madera County.

8.   Judge Bender opined that both the mother and the father had to stop blaming the other person for the child's sake.  The minor child was made a dependent of the court.  The parents were ordered to make the exchanges easy on their son.  The minor child was to be under some degree of supervision by Child Welfare Services.  Judge Bender specified again that he did not want any problems at the exchanges.

Failure to Exchange.

9.   Plaintiff was scheduled to exchange the child with the mother on September 14, 2005, in accordance with the court's orders.  Plaintiff did not do so.  No explanation was given by

8

Plaintiff to Defendants, before or on the day of the exchange, as to why Plaintiff did not comply with the scheduled exchange. Plaintiff contends that he was told by police officers not to exchange the child, after Plaintiff communicated his suspicion that the mother was sexually abusing the child.

Request for Modification.

10. On September 15, 2005, the child's appointed attorney, Ronald Nissila, moved the court to modify the June 10, 2005 order, for reasons that Stanley Bradford Clark was acting detrimentally to the child. On September 16, 2005, the court heard the matter with all parties present. The matter was submitted by Mr. Nissila on the moving papers. William Smith, appearing for the County Counsel, submitted nothing more, but supported the requested relief. The mother's attorney likewise submitted the matter.

11. Mr. Clark's attorney requested an evidentiary hearing. Plaintiff's attorney requested that the child be returned to his father, that a SART interview be conducted, and that results be considered relative to a temporary custodial arrangement for the child. Plaintiff's attorney requested that the child be taken to a doctor for further evaluation concerning the allegations of sexual abuse. Plaintiff's counsel reiterated his request for an evidentiary hearing. The court denied the request for a return of the child to the father, and for a second SART interview. The court also denied the request to have the mother take the child to a doctor for further evaluation.

12. The court granted the application for modification made pursuant to California Welfare and Institutions Code § 388,

9

and removed the child from the care of his father.  Plaintiff would have supervised visitation upon further psychological evaluation.  The court specified that the order was temporary and that an evidentiary hearing on the petition would be set.

13.   Plaintiff's attorney requested "a minimum of a couple of weeks..." to prepare for the hearing, which was then set for October 11, 2005.  By that time, Mr. Clarke was no longer represented by an attorney, and the matter was set out again.  That date was continued three times, eventually to February 6, 2006.

## VI. Legal Issues.

A.   Uncontested.

1.   Jurisdiction exists under 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

2.   Venue is proper under 28 U.S.C. § 1391.

3.   The substantive law of the State of California governs the supplemental claims.

4.   It is not contested that the minor's records and information should be protected from disclosure.  It may be necessary to redact some matters from the public records; Plaintiff has not been represented by counsel through most of this litigation, and stated the name of the child in previously filed documents.

B.   Contested.

1.   Defendants dispute that the Department of Social Services may be sued as a party distinct from the County of Madera.

2.   Defendants dispute that Plaintiff may name Doe

10

Defendants in a complaint filed in federal court relative to federal claims.

3. The Defendants dispute liability as to each claim in the complaint.

4. The Defendants dispute that there has been any civil rights violations, and dispute the claims under state law.

VII. Consent to Magistrate Judge Jurisdiction.

1. The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII. Corporate Identification Statement.

1. Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities. A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX. Discovery Plan and Cut-Off Date.

1. The Rule 26 disclosures shall be made simultaneously on or before Monday, August 30, 2010.

2. The parties are ordered to complete all non-expert discovery on or before April 4, 2011.

3. The parties are directed to disclose all expert witnesses, in writing, on or before April 25, 2011. Any rebuttal or supplemental expert disclosures will be made on or before May 25, 2011. The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations. Local Rule 16-240(a) notwithstanding, the written

designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

4.   The parties are ordered to complete all discovery, including experts, on or before June 24, 2011.

5.   The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

Further Discovery Limits.

6.   There does not seem to be any reason to vary the limits provided by the Federal Rules of Civil Procedure.  If any issue develops at counsel's meet and confer and if they cannot resolve the matter between them, they will seek the court's assistance.

Protective Order(s).

7.   As the case progresses, it may be necessary for the court to issue a protective order relative to the juvenile records of Plaintiff's son, which must remain private and confidential.  The parties have already agreed previously to preserve against such disclosure, and this does not appear to be a contested issue.  Defense counsel will have with him copies of the order concerning the release of the records concerning the underlying dependency proceedings.  The Madera County Superior Court ordered that the parties not disclose the matters contained

in the record to any other person, save for presentation as evidence in this court proceeding.  The Madera County Superior Court ordered that the disclosed records should be filed confidentially.

Proposals re timing, etc.

8.   Defendants do not anticipate any issues relating to timing, sequencing, phasing, etc. of discovery.  However, since Plaintiff is prosecuting this case pro se, there may be some difficulty.

Foreign Discovery.

9.   No foreign discovery is anticipated by the parties.

Video Depositions.

10.   The parties may conduct videotaped depositions upon written notice in a timely served deposition notice.

Electronic Discovery.

11.   It is not anticipated that electronic discovery in this case will be extensive.  It is possible that either Plaintiff or Defendants, or Defendants' employees, used e-mail to communicate about the underlying matter in the Superior Court.  The parties will endeavor to locate such communications upon request.  At the time of this report, Defendants are unable to determine whether any of the communications may have been lost due to the normal retention policies and the passage of time, or due to any change of personnel or data storage or locating systems.  Counsel will confer regarding any searches of the pertinent computer systems when it becomes necessary.

X.   Pre-Trial Motion Schedule.

1.   All Non-Dispositive Pre-Trial Motions, including any

13

discovery motions, will be filed on or before July 11, 2011, and heard on August 12, 2011, at 9:00 a.m. before Magistrate Judge Sandra M. Snyder in Courtroom 7.

   2.   In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d). However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

   3.   All Dispositive Pre-Trial Motions are to be filed no later than July 25, 2011, and will be heard on August 29, 2011, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor. In scheduling such motions, counsel shall comply with Local Rule 230.

XI.  Pre-Trial Conference Date.

   1.   October 3, 2011, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

   2.   The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

   3.   Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference. The Court will insist upon strict compliance with those rules.

XII. Motions - Hard Copy.

   1.   The parties shall submit one (1) courtesy paper copy to the Court of any motions filed. Exhibits shall be marked with

1 **protruding numbered or lettered tabs** so that the Court can easily
2 identify such exhibits.
3 XIII.  Trial Date.
4     1.   November 1, 2011, at the hour of 9:00 a.m. in Courtroom
5 3, 7th Floor, before the Honorable Oliver W. Wanger, United
6 States District Judge.
7     2.   This is a jury trial.
8     3.   Counsels' Estimate Of Trial Time:
9         a.   5 days.
10    4.   Counsels' attention is directed to Local Rules
11 of Practice for the Eastern District of California, Rule 285.
12 XIV. Settlement Conference.
13    1.   A Settlement Conference is scheduled for June 29, 2011,
14 at 10:30 a.m. in Courtroom 7 before the Honorable Sandra M.
15 Snyder, United States Magistrate Judge.
16    2.   Unless otherwise permitted in advance by the
17 Court, the attorneys who will try the case shall appear at the
18 Settlement Conference with the parties and the person or persons
19 having full authority to negotiate and settle the case on any
20 terms at the conference.
21    3.   Permission for a party [not attorney] to attend
22 by telephone may be granted upon request, by letter, with a copy
23 to the other parties, if the party [not attorney] lives and works
24 outside the Eastern District of California, and attendance in
25 person would constitute a hardship.  If telephone attendance is
26 allowed, the party must be immediately available throughout the
27 conference until excused regardless of time zone differences.
28 Any other special arrangements desired in cases where settlement

authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

  4. Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement. The statement should not be filed with the Clerk of the Court nor served on any other party. Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon. Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

  5. The Confidential Settlement Conference Statement shall include the following:

   a. A brief statement of the facts of the case.

   b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

   c. A summary of the proceedings to date.

   d. An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

   e. The relief sought.

   f. The parties' position on settlement, including present demands and offers and a history of past

settlement discussions, offers and demands.

XV.   Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

    1.   The issue of punitive damages, as to amount, if any, shall be tried in a second phase in a continuous trial before the same jury.

XVI. Related Matters Pending.

    1.   Plaintiff has appealed the underlying Superior Court matter and has also filed an action against his attorney in the Superior Court matter.

XVII.   Compliance With Federal Procedure.

    1.   The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVIII.   Effect Of This Order.

    1.   The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

    2.   Stipulations extending the deadlines contained

**herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

   3.   **Failure to comply with this order may result in the imposition of sanctions.**

IT IS SO ORDERED.

**Dated:   July 29, 2010**                       /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE