1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STANLEY BRADFORD CLARKE, | ) | 1:07-CV-0888 AWI-SMS |
| | ) | |
| **Plaintiff,** | ) | **ORDER DENYING** |
| v. | ) | **PLAINTIFF'S MOTION FOR** |
| | ) | **RELIEF OR** |
| SANDRA UPTON, AMPARO | ) | **RECONSIDERATION** |
| WILLIAMS; DEPARTMENT OF | ) | |
| SOCIAL SERVICES; and COUNTY OF | ) | (Doc. No. 154, 156) |
| MADERA | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

Plaintiff Stanley Bradford Clarke ("Plaintiff") filed the instant civil rights action against Defendants County of Madera, County of Madera Department of Social Services, Sandra Upton, and Amparo Williams ("Defendants").  On September 26, 2012, the Court granted Defendants' motion for summary judgment and entered judgment for Defendants.  *See* Court's Docket, Doc. Nos. 152, 153.  Clarke now moves for relief from judgment and reconsideration of the Court's prior order, pursuant to Federal Rules of Civil Procedure 59(e) and 60(b).  *See* Court's Docket, Doc. Nos. 154, 156.  Defendants oppose the motion.  For the reasons that follow, Clarke's motion is denied.

**BACKGROUND**

A detailed procedural and factual history of the case is set forth in the Court's prior order. *See* Court's Docket, Doc. No. 152.  In sum, this action arose out of juvenile dependency proceedings involving the minor son of Plaintiff and his former wife.  Plaintiff alleged Defendants' treatment of him in the course of those proceedings violated his constitutional rights

1    to equal protection and substantive due process.  Plaintiff also alleged violations of California

2    state tort law.  On July 25, 2011, Defendants moved for summary judgment.  *Id.* Doc. No. 130.

3    Plaintiff filed an opposition to the motion on December 27, 2011.  *Id.* Doc. No. 147.  The Court

4    granted summary judgment in favor of Defendants on September 26, 2012.  *Id.* Doc. No. 152.

5    The instant motion seeks relief from the Court's order, which also denied Plaintiff's request for

6    judicial notice.

7    **II.    LEGAL STANDARD**

8            A district court has discretion to reconsider and vacate a prior order.  See Navajo Nation

9    v. Confederated Tribes and Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir.

10   2003); Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000).  In this

11   District, reconsideration of a motion is governed by Local Rule 230(j), which requires a party to

12   set forth "new or different facts or circumstances claimed to exist which did not exist or were not

13   shown upon such prior motion, or what other grounds exist for the motion."  Local Rule 230(j).

14   "Reconsideration is indicated in the face of the existence of new evidence, an intervening change

15   in the law, or as necessary to prevent manifest injustice."  Navajo Nation, 331 F.3d at 1046

16   (citing Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998)).  Motions

17   for reconsideration are disfavored, however, and are not the place for parties to make new

18   arguments not raised in their original briefs.  Zimmerman v. City of Oakland, 255 F.3d 734, 740

19   (9th Cir. 2001); Kona, 229 F.3d at 890.  Similarly, reconsideration is "not to be used to ask the

20   court 'to rethink what it had already thought through - rightly or wrongly.'"  United States v.

21   Rezzonico, 32 F.Supp.2d 1112, 1116 (D. Ariz.1998) (quoting Above the Belt, Inc. v. Mel

22   Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)).

23          The Federal Rules of Civil Procedure also provide for post-judgment relief.  Pursuant to

24   Rule 59(e), any motion to alter or amend judgment shall be filed no later than ten days after entry

25   of judgment.  Rule 59(e), however, is an "extraordinary remedy, to be used sparingly in the

26   interests of finality and conservation of judicial resources."  Kona, 229 F.3d at 890.  Amendment

27   or alteration is appropriate under Rule 59(e) if: (1) the district court is presented with

28

2

1  newly-discovered evidence; (2) the district court committed clear error or made an initial

2  decision that was manifestly unjust; or (3) there is an intervening change in controlling law.

3  Zimmerman, 255 F.3d at 740;  School Dist. No. 1J Multnomah County v. ACandS, Inc., 5 F.3d

4  1255, 1263 (9th Cir. 1993).  This showing is a "high hurdle."  Weeks v. Bayer, 246 F.3d 1231,

5  1236 (9th Cir. 2001).  A judgment is not properly reopened "absent highly unusual

6  circumstances."  Id.

7         Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the

8  district court.  The Rule permits a district court to relieve a party from a final order or judgment

9  on grounds of: (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3)

10 fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any

11 other reason justifying relief.  Fed. R. Civ. P. 60(b).  "The Rule 60(b)(6) 'catch-all' provision . . .

12 applies only when the reason for granting relief is not covered by any of the other reasons set

13 forth in Rule 60."  Delay v. Gordon, 475 F.3d 1039, 1044 (9th Cir. 2007).  Rule 60(b)(6) is to be

14 "'used sparingly as an equitable remedy to prevent manifest injustice' and 'is to be utilized only

15 where extraordinary circumstances prevented a party from taking timely action . . . .'"  Id.

16 (quoting United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993)).

17 The motion for reconsideration must be made within a reasonable time, in any event "not more

18 than one year after the judgment, order, or proceeding was entered or taken."  Id.

19 **III.    DISCUSSION**

20        Having reviewed the parties' briefs and arguments, the Court finds Plaintiff has failed to

21 meet the foregoing standards for reconsideration.[1]  Plaintiff's central argument is that the Court

22 erred by declining to take judicial notice of: (1) the underlying state court file in the juvenile

23 dependency case; (2) Upton's deposition transcripts and exhibits; (3) a 2006 Madera County

24

25        [1] Defendants argue that Plaintiff's motion was not timely filed under Rule 59(e).
Defendants note that the time for filing a motion for reconsideration under Rule 59(e) expired on
October 29, 2012.  On October 29, 2012, Plaintiff filed a notice of motion and declaration, but

26 the memorandum in support of the motion was not filed until October 30, 2012. *See* Court's
Docket, Doc. Nos. 154, 155, 157.  Because the Court finds Plaintiff cannot meet the standard for

27 reconsideration under either Rule 59(e) or Rule 60(b), the issue of timeliness is moot.

28

3

1    Grand Jury Report; (4) Defendant's Rule 26 Supplemental Disclosure; and (5) Upton's county

2    service logs.  The Court denied judicial notice on the basis that Plaintiff filed to attach the

3    documents to his request or lodge them with the Court, as required by Federal Rule of Evidence

4    201(d).  Plaintiff contends the Court erred by failing to take judicial notice of these documents,

5    and that he was prejudiced by this error.  However, Plaintiff misapprehends Rule 201 and the

6    function of judicial notice in the federal courts.

7        Facts subject to judicial notice are those which are either "(1) generally known within the

8    territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by

9    resort to sources whose accuracy cannot reasonably be questioned."  Fed.R.Evid. 201(b).  The

10    party requesting judicial notice must also supply the court with the source material needed to

11    determine whether the request is justified.  *In re Tyrone F. Conner Corp., Inc.,* 140 B.R. 771,

12    781 (Bkrtcy.E.D.Cal.1992).  "[T]he Court will not rummage through the Court files and take

13    notice of those documents requested absent those documents being supplied to the Court."  *Id.*  A

14    court may not take judicial notice of a matter that is in dispute. *Lee v. City of Los Angeles,* 250

15    F.3d 668, 690 (9th Cir. 2001).  While federal courts may notice judicial records, the content of

16    such records and deposition testimony are not established facts that can be judicially noticed. *See*

17    *In re Oracle Corp., Sec. Litig.*, 627 F.3d 376, 386 n.1 (9th Cir. 2010); *Newman v. San Joaquin*

18    *Delta Community College Dist.*, 272 F.R.D. 505, 516 (E.D. Cal. 2011); Fed. R. Evid. 801(c).  As

19    discussed in the Court's prior order, Defendants disputed the facts set forth in the documents

20    cited in Plaintiff's request for judicial notice.  Thus, not only did Plaintiff fail to supply the Court

21    with the documents he wished to be judicially noticed, the documents were not proper subjects

22    for judicial notice.

23        Although the Court denied Plaintiff's request for judicial notice, in ruling on the motion

24    for summary judgment it considered and give deference to Plaintiff's version of the facts as set

25    forth in his Separate Statement of Material Facts.  Plaintiff's Separate Statement relied in part on

26    the documents cited in his request for judicial notice.  Plaintiff therefore was not prejudiced by

27

28

1  the Court's denial of his request for judicial notice.  For these reasons, the Court denies

2  Plaintiff's request for leave to file an offer of proof as to the evidence contained in his request for

3  judicial notice.

4      The Court finds Plaintiff has not set forth newly discovered facts, a showing of clear error

5  or manifest injustice, or any other grounds that would warrant reconsideration of the Court's

6  prior order under the Local Rules or the Federal Rules of Civil Procedure.  Plaintiff has also

7  failed to clear the "high hurdle" for post-judgment relief.  <u>Weeks</u>, 246 F.3d at 1236.

8                         **CONCLUSION AND ORDER**

9

10     Accordingly, IT IS HEREBY ORDERED that**:**

11     1.      Plaintiff's motion for relief or reconsideration (Doc. Nos. 154, 156) is DENIED.

12     2.      This case remains CLOSED.

13

14

15

16
   IT IS SO ORDERED.

17

18 Dated:    December 20, 2012                        _____

19                                                    UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28

                                        5